UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE MARCELLA,<br><br>Plaintiff,<br><br>v.<br><br>BANKNORTH, N.A.,<br>MASSACHUSETTS, DONA BECK,<br>GAIL HAMEL and DAVID CLARK,<br><br>Defendants. | Docket No. 04-30217 MAP<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANTS BANKNORTH, N.A., DONA BECK, GAIL HAMEL AND DAVID CLARK'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS 3 AND 5 OF PLAINTIFF'S COMPLAINT

Defendants Banknorth, N.A. ("Banknorth")[1], Dona Beck ("Ms. Beck"), Gail Hamel ("Ms. Hamel") and David Clark ("Mr. Clark") (collectively, the "Defendants") submit this Memorandum of Law in support of their Motion to Dismiss the following claims asserted by Plaintiff Janice Marcella in her Complaint: Count 3 which alleges age discrimination by Ms. Beck, Mr. Clark and Ms. Hamel (collectively, the "Individual Defendants"); and Count 5 which alleges a violation of the Massachusetts Equal Pay Act by Banknorth, on the grounds that each of these claims is precluded as a matter of law.

In particular, Plaintiff's age discrimination claim against the Individual Defendants is barred because Plaintiff failed to exhaust her administrative remedies as to them prior to filing the instant lawsuit. Moreover, Plaintiff's Massachusetts Equal Pay Act claim is barred because

---

[1] Banknorth, N.A. is improperly named in the Complaint as Banknorth, N.A., Massachusetts.

Plaintiff failed to file her lawsuit within the one (1) year statute of limitations applicable to such claims.

## I. Introduction

This is an action alleging claims of age and gender discrimination, under federal and Massachusetts law, and claims under Massachusetts common law for intentional interference with contractual relations, civil conspiracy, misrepresentation and promissory estoppel. The gravamen of Plaintiff's Complaint is that she was allegedly discriminated against on the basis of her age when Banknorth allegedly promoted a "younger" female employee over Plaintiff, and that Banknorth allegedly discriminated against Plaintiff on the basis of her sex when Banknorth allegedly paid a male employee a higher salary than it paid to Plaintiff.

### A.   Factual Allegations[2]

In her Complaint, Plaintiff asserts that she was employed by Banknorth in its Pittsfield, Massachusetts branch office and held various positions during the course of her employment. (Complaint ¶¶ 10, 11.) Plaintiff also asserts that she was promised an Assistant Branch Manager position by her former supervisor and by Mr. Clark, her supervisor at the time she resigned her employment with Banknorth, and that she continued her employment with Banknorth in reliance on these promises. (Complaint ¶¶ 18, 19, 22, 23.) Plaintiff asserts that she applied and interviewed for an Assistant Branch Manager position, but that Banknorth offered this position to another internal Banknorth candidate who was "approximately 10 years younger than Plaintiff." (Complaint ¶¶ 25, 26, 33, 34, 35.) Plaintiff also claims that, during the time she had

---

[2] The following is a brief summary of the facts as alleged by Plaintiff in her Complaint. Nearly all of the allegations are disputed. Nevertheless, for purposes of this Motion, Defendants assume the facts as set forth in the Complaint as true in order to demonstrate the legal insufficiency of Plaintiff's claims. See Fant v. New England Power Serv. Co.,

posted, and was interviewing, for the Assistant Branch Manager position, she became aware of a Float Assistant Manager position, but pursuant to Banknorth policy, she was ineligible to apply for more than one position at a time. (Complaint ¶¶ 29, 30.) Plaintiff claims that Banknorth offered the Float Assistant Manager position to "a much younger and less qualified female." (Complaint ¶ 40.) Plaintiff claims that Banknorth paid a male co-worker at least $2.00 an hour more than Plaintiff. (Complaint ¶ 41.) Finally, Plaintiff asserts that she resigned her employment, effective January 25, 2002. (Complaint ¶ 38.)

### B.  Procedural Background

On or about April 17, 2002, Plaintiff filed a Charge of discrimination against Banknorth, alleging age and gender discrimination, with the Massachusetts Commission Against Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC"). On April 26, 2004, the MCAD dismissed Plaintiff's Charge of discrimination based on a lack of probable cause to credit Plaintiff's allegations. Thereafter, Plaintiff appealed the MCAD's decision. On July 28, 2004, the MCAD affirmed the dismissal. On August 18, 2004, the EEOC issued a Notice of Right to Sue (Issued on Request), notifying Plaintiff that she had to file her age discrimination claim within 90 days of her receipt of the Notice.

Plaintiff filed the instant action on November 4, 2004. In response, Defendants have filed this Motion to Dismiss to dispose of Counts 3 and 5 of Plaintiff's Complaint.

## II.  Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted

Rule 12 of the Federal Rules of Civil Procedure provides the basic procedural device to test the legal sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6). As a matter of law, if a

---

293 F.3d 8, 12 (1st Cir. 2001) (citing Chatman v. Gentle Dental Ctr., 973 F. Supp. 228, 232 (D. Mass. 1997)).

plaintiff fails to plead facts in support of a claim, the claim must be dismissed. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A defendant moving for dismissal under Federal Rule of Civil Procedure 12(b)(6) bears the burden of establishing, from the allegations of plaintiff's own complaint, that "plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." See Cousin v. Harold, 238 F. Supp. 2d 357, 359 (D. Mass. 2002) (quoting Conley, 355 U.S. at 45-46). In evaluating the sufficiency of a complaint under Rule 12(b)(6), all well-pled factual allegations set forth in the complaint, and reasonable inferences that may be drawn therefrom in plaintiff's favor, are to be taken as true. Eggert v. Merrimac Paper Co., 311 F. Supp. 2d 245, 247 (D. Mass. 2004) (citing Burchill v. Unumprovident Corp., 2003 U.S. Dist. LEXIS 11445, at *1 (D. Me. June 27, 2003) (quoting Carroll v. Xerox Corp., 294 F. 3d 231, 241 (1st Cir. 2002)).

### III. Count 3: Plaintiff's Age Discrimination Claim Against Ms. Beck, Ms. Hamel and Mr. Clark Must Be Dismissed Because Plaintiff Failed To Exhaust Her Administrative Remedies Prior To Bringing Such A Claim

#### A. This Court May Consider Plaintiff's MCAD Charge In Ruling On Defendants' Motion to Dismiss.

Courts may consider certain documents in addition to a plaintiff's complaint in deciding a motion to dismiss, without converting the motion to one for summary judgment. The First Circuit has held that on a motion to dismiss, the court may consider certain documents not attached to the complaint and not expressly incorporated therein, without converting the motion to one for summary judgment: "[1] for documents the authenticity of which are not disputed by the parties; [2] for official public records; [3] for documents central to plaintiffs' claim; or [4] for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). See also Fant, 293 F. 3d at 10 (quoting Chatman, 973 F. Supp. at 232 ("On a Rule

12(b)(6) motion, the court may consider public records and other documents referred to in the complaint, without treating the motion as one under Rule 56")). The MCAD Charge is a public record. See Chatman, 973 F. Supp. at 232 n. 6.

Pursuant to Watterson and Chatman, this Court should consider Plaintiff's Charge of discrimination, which was dual filed with the MCAD and the EEOC (the "MCAD" Charge) and which is a public record, in ruling on Defendants' Motion to Dismiss. Plaintiff's Charge is critical to the Court's determination of whether Plaintiff satisfied her administrative prerequisites prior to filing the instant lawsuit. Specifically, a plaintiff alleging discrimination in Massachusetts is required to file a charge of discrimination with the MCAD within three-hundred (300) days of the alleged discriminatory conduct. Mass. Gen. Laws ch. 151B, § 5. Regulations promulgated by the MCAD under Mass. Gen. Laws ch. 151B also require that a charge contain "appropriate identification of the Complainant(s) and the person(s) alleged to have committed unlawful discriminatory acts." 804 C.M.R. § 1.10(5)(d). Failure to file a proper charge with the MCAD bars recovery in a subsequent judicial action. Hayes v. Henri Bendel, Inc., 945 F. Supp. 374, 379 (D. Mass. 1996); Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021 (1996).

Because the legal sufficiency of Plaintiff's lawsuit necessarily relies on the Charge that she filed with the MCAD and the resulting MCAD investigation and conciliation process, this Court can and should consider Plaintiff's MCAD Charge in resolving Defendants' Motion to Dismiss. (See MCAD Charge, attached as Exhibit 1.)

### B. Plaintiff Failed To Exhaust Her Administrative Remedies As To The Individual Defendants

The claims against the Individual Defendants should be dismissed because Plaintiff failed

to exhaust her administrative remedies as to them. The Individual Defendants were not named as Respondents in Plaintiff's MCAD Charge. Rather, Plaintiff named *only* "BankNorth Massachusetts" as the Respondent and claimed in the Particulars section that: "I believe *BankNorth* has failed to hire me ... and failed to pay me ...." (See MCAD Charge at Exhibit 1.)

Massachusetts General Laws ch. 151B, § 5 provides that:

> Any person claiming to be aggrieved by an alleged unlawful practice or alleged violation ... may, by himself or his attorney, make, sign and file with the commission a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of ... which shall set forth the particulars thereof and contain such other information as may be required by the commission.

The Regulations implementing Chapter 151B also provide that a charge must include "appropriate identification of the Complainant(s) and the person(s) alleged to have committed unlawful discriminatory acts." 804 C.M.R. § 1.10 (5)(d). Failure to file a proper charge against a defendant with the MCAD is fatal to a later discrimination claim against that defendant in court. See Mass. Gen. Laws ch. 151B, § 5. See also Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (dismissing claims filed in court that were beyond scope of MCAD administrative charge); Hayes, 945 F. Supp. at 379 (failure to name respondent in MCAD charge fatal to later discrimination claim in court).

The purpose of requiring a complainant to file a claim at the MCAD before proceeding to court is "to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." Lattimore, 99 F.3d at 464. See also Hayes, 945 F. Supp. at 379 (naming requirement of Chapter 151B gives MCAD opportunity to investigate and settle disputes before lawsuits are filed, and gives accused opportunity through conciliation to extricate himself from

lawsuit). "That purpose would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." Lattimore, 99 F.3d at 464.

In Chatman, this Court concluded that the Supreme Judicial Court would not preclude a later civil action if a plaintiff failed to name a respondent in her MCAD charge of discrimination if both of the following prerequisites were satisfied: (1) the defendant's conduct was at issue in the MCAD charge; and (2) the defendant had notice of and an opportunity to conciliate the charge. Chatman, 973 F. Supp. at 233-35 (emphasizing the importance under Chapter 151B of sufficient notice being provided in the MCAD Charge of the allegations being made and of the parties deemed responsible, so as to allow both the opportunity to attempt early conciliation and a fair opportunity to litigate the issues raised). See also Chapin v. Univ. of Massachusetts of Lowell, 977 F. Supp. 72, 76 (D. Mass. 1997) (same).

As a result, in Chatman, this Court dismissed the plaintiff's claims despite the fact that she had mentioned the individuals and their alleged conduct in the narrative of her Charge of discrimination because (1) it was impossible for the Court to determine whether the individual defendants had notice of and an opportunity to conciliate the charges against them at the MCAD; (2) the plaintiff's complaint did not allege that the individual defendants had notice of the MCAD charge; and (3) the Court could not reasonably infer an opportunity to conciliate from allegations in the complaint. Chatman, 973 F. Supp. at 236. See also Cuddi v. Gallery Gift Shoppes, 2003 Mass. Super. LEXIS 405, at *14-15 (Mass. Super. Ct. Oct. 24, 2003) (although individual defendant was referenced in charge of discrimination, she was not named as a respondent and did not attend MCAD conciliation meetings or file affidavits with the MCAD).

Although Plaintiff's MCAD Charge alluded to Mr. Clark's and Ms. Beck's alleged conduct in the narrative section, Plaintiff has offered no evidence that Mr. Clark and Ms. Beck had notice of and an opportunity to conciliate Plaintiff's MCAD Charge. As in Chatman, Plaintiff's failure to satisfy the procedural requirements of Chapter 151B by naming Mr. Clark and Ms. Beck as Respondents in her MCAD Charge necessitates the dismissal of her complaint. See Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). See also Avery v. PTP, Inc., 1998 Mass. Super. LEXIS 638, at *5-6 (Mass. Super. Ct. Nov. 24, 1998) (summary judgment allowed where plaintiff offered no evidence that defendant had notice of and opportunity to conciliate charge of discrimination); Riebold v. E. Cas. Ins. Co., 1997 Mass. Super. LEXIS 316 (Mass. Super. Ct. June 4, 1997) (holding that naming individual in the particulars of the complaint is not "appropriate identification of...the person(s) alleged to have committed unlawful discriminatory acts" as required by the regulations). Accordingly, Plaintiff's Chapter 151B claim against Mr. Clark and Ms. Beck should be dismissed.

Similarly, Ms. Hamel is not even identified in the MCAD Charge nor did Plaintiff's MCAD Charge put Ms. Hamel's actions at issue. (See MCAD Charge at Exhibit 1.) As a result, Ms. Hamel's conduct was never at issue in the MCAD Charge. Where the MCAD Charge does not mention a later named party, such as Ms. Hamel in the instant matter, that party's conduct was not put in issue, and a Plaintiff cannot therefore maintain a later complaint against that party. Chatman, 973 F. Supp. at 235-36 (court dismissed claims against individual defendants who were not named as respondents in the MCAD complaint); Powers v. H.B. Smith Co., 42 Mass. App. Ct. 657, 667 (1997) (holding that where a respondent is not named in a charge of discrimination, a subsequent suit against that respondent is barred); Cuddi, 2003 Mass. Super.

LEXIS 405, at *15 (dismissal allowed where individual defendants were not referenced in MCAD charge). Accordingly, Plaintiff's Chapter 151B claim against Ms. Hamel should be dismissed.

### IV. Count 5: Plaintiff's Massachusetts Equal Pay Act Claim Is Barred By The One Year Statute Of Limitations For Bringing Such A Claim

Mass. Gen. Laws ch. 149, § 105A (the "Massachusetts Equal Pay Act" or "MEPA") mandates that any MEPA action be brought "within *one year* after the date of the alleged violation." See Campbell v. Mitre Corp., 2001 U.S. Dist. LEXIS 13258, at * 8 (D. Mass. June 1, 2001) (emphasis added). Specifically, Massachusetts General Laws ch. 149, § 105A provides that:

> Any action based upon or arising under sections one hundred and five A to one hundred and five C, inclusive, shall be instituted within *one year* after the date of the alleged violation.

See Mass. Gen. Laws ch. 149, §105A (emphasis added).

Plaintiff resigned from her employment with Banknorth effective January 24, 2002. Even if this Court gives Plaintiff the benefit of the doubt that the alleged MEPA violation occurred on January 25, 2002, Plaintiff's last day of employment with Banknorth (see Complaint, ¶38), Plaintiff was required to file her MEPA claim in court within one (1) year of January 24, 2002, or by January 24, 2003. Plaintiff failed to do so. Instead, Plaintiff did not file her MEPA claim in Court until November 4, 2004 (see Complaint) – nearly twenty-two (22) months after the one (1) year statute of limitations had expired. Mass. Gen. Laws ch. 149, § 105A. Accordingly, Plaintiff's MEPA claim should be dismissed.

### V. Conclusion

For all of these reasons, Defendants respectfully request that this Court dismiss the

following claims, with prejudice: Count 3 – age discrimination against Ms. Beck, Mr. Clark and Ms. Hamel and Count 5 – violation of the Massachusetts Equal Pay Act against Banknorth, on the grounds that each of these claims is precluded as a matter of law.

                Respectfully submitted,

                BANKNORTH, N.A., DONA BECK,
                GAIL HAMEL AND DAVID CLARK,

                By their attorneys,

                Sara Goldsmith Schwartz (BBO #558972)
                Shelley A. Costantino (BBO #640651)
                SCHWARTZ HANNUM PC
                11 Chestnut Street
                Andover, MA 01810
                (978) 623-0900

Dated: February 11, 2005
memolawdismiss.wpd

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2005, I served a copy of the foregoing document on the Plaintiff, by mailing a copy thereof on that date by Certified Mail, Return Receipt Requested, to:

                Richard A. Mulhearn, Esq.
                Law Offices of Richard A. Mulhearn
                41 Elm Street
                Worcester, MA 01609

                Shelley A. Costantino

Dated: February 11, 2005

Case 3:04-cv-30217-MAP    Document 8    Filed 02/14/2005    Page 11 of 13

APR 17 20**

DISCRIMINATION COMPLAINT
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION AND EEOC

FEPA NO.: 02-23-61463    FILING DATE: 4/17/02
EEOC NO.: 16CA201886     VIOLATION DATE: 1/14/02

**NAME OF AGGRIEVED PERSON OR ORGANIZATION:**
Janice Marcella
330 North St.
Dalton, MA, 01226

**TELEPHONE NUMBERS:**
HOME: (413) 684-1661

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**
BankNorth Massachusetts
99 West St.
Pittsfield, MA, 01201

**TELEPHONE:**
(413) 499-3000
NO. OF EMPLOYEES: 25+

**CAUSE OF DISCRIMINATION BASED ON:** Age, Sex

**THE PARTICULARS ARE:** I believe that BankNorth has failed to hire me for a position for which I was qualified (Assistant Manager) on January 14th, 2002 and failed to pay me the same rate as a male in the same position because of my age (53) and sex (female) in violation of M.G.L. C. 151B, section 4 (1,1B), Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act (ADEA), and the Equal Pay Act.

1. I was hired by BankBoston, which later became BankNorth, on January 14th, 1987. During the course of my employment, my job performance was always satisfactory. I never received any reprimands or warnings. I have also received awards and letters from customers attesting to the quality of my service have been received by BankNorth.
2. On November 19th, 2001, I applied for an Assistant Manager position that had opened up and been advertised internally and externally.
3. While my application was still under review, a lower "Float Assistant Manager" position opened up. I was ineligible to apply according to the employee handbook because current employees cannot apply for more than one position simultaneously.
4. During the interview process, I was told by manager David Clark that I was the only internal applicant who had made it past the Human Resources screening. Despite this, a woman named Robin Sabato – who is in her 40s and has only 6 months experience – obtained the position, transferring in from another office. A 27 year old woman whose name I do not know received the Float Assistant Manager position. I was informed of the decision to hire Sabato on January 14th, 2002, and of the one regarding the Float Assistant Manager after I left the company.
5. Manager Donna Beck, who made these hiring decisions, has always had a tendency to shuffle people around until she gets them into the positions she wants.

BankNorth as a workplace has few female employees over 40, the vast majority of older employees being male. I therefore believe, based on past practice, that Ms. Sabato will eventually be moved or terminated and the woman in the Float Assistant Manager position will take the Assistant Manager position, Ms. Sabato having been used only as a pretext so that the younger woman was not hired immediately for a position for which she had no qualifications.

6. Mr. Clark also has influence in hiring decisions, and he is known to have a history of affairs with women he supervised in the office. He is now living with one female former co-worker. He has also made age and sex-discriminatory comments in the past, including mentioning that he was "tired of all the bitching" from the females and saying that I had received "quite a complement" when a customer described me as being in my 40s.
7. I frequently performed the duties of Assistant Manager, and the store was frequently left under my supervision. Such supervisory authority was never given to either Ms. Sabato or the younger Float Assistant Manager. Further, co-worker Gary Houghtaling (male), who performed the same job as me, never was given such supervisory duties and frequently had to be assisted by me to perform the ones he did have, and yet he earned $2 per hour more than me.
8. As a result of these discriminatory hiring decisions, I put in my two weeks' notice on January 16th, 2002, and subsequently resigned.

I ALSO WANT THIS CHARGE FILED WITH EEOC: XXX
I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES.
I SWEAR AND AFFIRM THAT I HAVE READ THIS COMPLAINT AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

_____
Janice Marcella

SWORN TO AND SUBSCRIBED BEFORE ME THIS __15__ DAY OF __APRIL__, 2002

NOTARY PUBLIC _Richard S. Amy_
RICHARD S. GEORGE, JR.
My Commission Expires: 01 / 19 / 2007
STATE OF MASSACHUSETTS
COUNTY OF BERKSHIRE

APR 17 2002