Case 3:04-cv-30217-MAP   Document 9-2   Filed 02/14/2005   Page 1 of 13

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405

Paul Cuddi v. Gallery Gift Shoppes d/b/a Kitchen, Etc. et al.

2003-1369-C

SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405

October 24, 2003, Filed

**DISPOSITION:** Motions to dismiss allowed in part and denied in part.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff former employee sued defendants, co-workers and the employer, and the employer's officers, administrator, and supervisor, alleging sexual harassment and sexual orientation discrimination, civil rights violations, retaliation, negligent and intentional infliction of emotional distress, and aiding and abetting, arising from a hostile work environment. Defendants moved to dismiss certain counts pursuant to Mass. R. Civ. P. 12(b)(2), (6).

**OVERVIEW:** The employee alleged that his co-employees subjected him to a hostile work environment because he was gay. The court dismissed claims that the employer and co-workers violated the Massachusetts Civil Rights Act (MCRA) by, respectively, failing to protect the employee from and committing sexual harassment, as defendants' actions did not involve threats, intimidation, or coercion. Counts charging the employer with negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED) were dismissed, as they were barred by Mass. Gen. Laws ch. 152, § 24; however, the IIED claims asserted against the co-workers were not dismissed, as their alleged acts were not done within the course of employment. Claims against the officers, administrator, and supervisor, alleging aiding and abetting in violation of Mass. Gen. Laws ch. 151B, § 4(5), were dismissed because the discrimination complaint plaintiff filed with a state agency did not reference the officers or administrator and did not directly accuse the supervisor of engaging in allegedly harassing or discriminatory conduct such that she had sufficient notice or opportunity to conciliate the charge.

**OUTCOME:** The counts against the employer and co-workers alleging MCRA violations were dismissed. The counts against the employer alleging NIED and IIED were dismissed. The counts against the officers and other personnel alleging aiding and abetting were dismissed. The co-workers' motion to dismiss the IIED claim was denied, but the claim alleging they recklessly inflicted emotional distress was dismissed as redundant.

**CORE TERMS:** infliction of emotional distress, intentional infliction of emotional distress, coercion, reckless, Workers' Compensation Act, motion to dismiss, sexual harassment, intimidation, conciliate, sexual orientation, harassment, notice, harassing, gay, guy, preempted, harassing conduct, retail store, supervisor, sexually, hostile work environment, discriminatory conduct, exclusivity provision, aiding and abetting, matter of law, confrontations, interpreting, constrained, actionable, stemming

### LexisNexis(TM) Headnotes

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*

[HN1]When evaluating the sufficiency of a complaint pursuant to Mass. R. Civ. P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiff's favor.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*

[HN2]A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A complaint is not subject to dismissal if it would support relief on any theory of law.

*Labor & Employment Law > Discrimination > Actionable Discrimination*

[HN3]See Mass. Gen. Laws ch. 151B, § 9.

*Labor & Employment Law > Discrimination > Actionable Discrimination*

[HN4]Where a plaintiff satisfies the requirements of Mass. Gen. Laws ch. 151B, he may thereafter proceed to bring an action in the superior court under other relevant statutes.

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405

*Labor & Employment Law > Discrimination > Actionable Discrimination*

[HN5]The Massachusetts Supreme Judicial Court has repeatedly interpreted the phrase, "threats, intimidation or coercion," as used in Mass. Gen. Laws ch. 12, §§ 11H and 11I, to occur in cases of actual or potential physical confrontations involving threat of harm. However, that court has made clear that in interpreting the word "coercion," it does not limit its scope to actual or attempted physical force. Rather, coercion can include either physical or moral force which constrained the plaintiff to do against his will something he would not otherwise have done.

*Torts > Intentional Torts > Intentional Infliction of Emotional Distress*

*Torts > Negligence > Duty > Negligent Infliction of Emotional Distress*

*Workers' Compensation & SSDI > Remedies Under Other Laws > Exclusivity*

[HN6]It is well settled law that actions for negligent and intentional infliction of emotional distress against an employer are barred by the exclusivity clause of the Massachusetts Workers' Compensation Act. Mass. Gen. Laws ch. 152, § 24.

*Torts > Intentional Torts*

*Workers' Compensation & SSDI > Remedies Under Other Laws > Exclusivity*

[HN7]Suits against individual employees are barred by the Massachusetts Workers' Compensation Act only if their conduct was within the scope of employment. If a fellow employee commits an intentional tort not related to the interests of the employer, the policies behind the Workers' Compensation Act would not be served by immunizing the co-employee.

*Torts > Intentional Torts > Intentional Infliction of Emotional Distress*

[HN8]The elements for reckless infliction of emotional distress and intentional infliction of emotional distress are identical. The Massachusetts Supreme Judicial Court has regularly lumped the two named torts together, referring to the tort as, "intentional or reckless infliction of emotional distress."

*Constitutional Law > Civil Rights Enforcement > Civil Rights Commissions > Complaints*

[HN9]Massachusetts law requires that a discrimination action under Mass. Gen. Laws ch. 151B be preceded by a charge filed with the Massachusetts Commission Against Discrimination (MCAD) within six months of the discriminatory conduct. Mass. Gen. Laws ch. 151B, § 5. Regulations promulgated by the MCAD under Mass. Gen. Laws ch. 151B require that the charge contain appropriate identification of the complaint(s) and the person(s) alleged to have committed unlawful discriminatory acts. 804 C.M.R. § 1.10(5)(d). The purpose of the filing requirement is to provide defendants with notice of a potential suit and an opportunity to investigate and conciliate the claim of discrimination. Failure to file a charge with the MCAD bars recovery in a subsequent judicial action. Although the Massachusetts appellate courts have not specifically decided this issue, the United States District Court for the District of Massachusetts, in interpreting Massachusetts law, has concluded that a subsequent civil action would not be precluded if the individual party's conduct was put in issue by the MCAD charge and he had notice of and an opportunity to conciliate the charge.

**JUDGES:** [**1] Peter M. Lauriat, Justice of the Superior Court.

**OPINIONBY:** Peter M. Lauriat

**OPINION:** MEMORANDUM OF DECISION AND ORDER ON (1) DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO M.R.C.P. 12(b)(6), AND (2) DEFENDANT ROBERT CAMP'S AND DARLENE TAILLON'S JOINT MOTION TO DISMISS PURSUANT TO M.R.C.P. 12(b)(2)

Paul Cuddi ("Cuddi"), a former employee of Kitchen, Etc., brought this action against Gallery Gift Shoppes, d/b/a Kitchen, Etc. ("Kitchen, Etc."), Scott Michaud ("Michaud"), Edward Doherty ("Doherty"), Judith White ("White"), Judith May ("May"), Ron Mayly ("Mayly"), Robert Camp ("Camp") and Darlene Taillon ("Taillon") (collectively, "the defendants"), alleging sexual harassment and sexual orientation discrimination, civil rights violations, retaliation, negligent and intentional infliction of emotional distress, and aiding and abetting, arising from a hostile work environment. The defendants have moved to dismiss certain counts of the complaint pursuant to Mass.R.Civ.P. 12(b)(2) and 12(b)(6). For the following reasons, the defendants' motions are allowed in part and denied in part.

BACKGROUND

Cuddi was hired by Kitchen, Etc. as an assistant store manager in January 2000, and promoted to general manager [**2] of its retail store in Burlington, Massachusetts, in December 2001. Cuddi alleges that while he was employed at the Burlington store, defendants Michaud, White and Doherty, employees of Kitchen, Etc., subjected him to a hostile work environment based on his sexual orientation. Specifically, Cuddi alleges that in May 2002, Doherty

Case 3:04-cv-30217-MAP   Document 9-2   Filed 02/14/2005   Page 3 of 13

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405

approached him in the back room of the store and stated, "this is what you called me back here for . . . this is what you want," and proceeded to unbuckle his belt and unzip his pants. Cuddi also alleges that on another occasion that same month, defendant White came into the back room and said in the presence of Cuddi, Michaud and Doherty, "I heard a gay guy was screwing in the back room and I wanted to see how a gay guy screwed." Cuddi alleges in his complaint that sexually harassing comments and conduct of this sort occurred on a daily basis at the Burlington store.

Cuddi further asserts that he reported the alleged harassing conduct to his supervisor, district manager Judith May, in June 2002. He alleges that shortly thereafter, May stated to Cuddi that he was losing control of the store because of his failure to report the harassment earlier. May then [**3] told Cuddi he would either be demoted and moved to a different retail store 80 miles away or he could resign. May also stated that Kitchen, Etc. had a "zero tolerance policy" for sexual harassment but failed to take any disciplinary actions against the employees who had allegedly harassed him. Cuddi decided to stay at the Burlington retail store but the harassment continued and on June 16, 2002, he contacted May and notified her of his resignation.

On October 31, 2002, Cuddi filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") against Kitchen, Etc., describing these incidents. Approximately ninety days later, Cuddi removed the complaint from the MCAD. On March 25, 2003, Cuddi filed a 16-count complaint in this court.

The defendants have now moved to dismiss nine of the counts: Count II (violation of G.L.c. 12, § 11I stemming from sexual harassment, against Kitchen, Etc.), Count IV (violation of G.L.c. 12, § 11I based on sexual orientation, against Kitchen, Etc.); Count VI (negligent infliction of emotional distress, against Kitchen, Etc.); Count VII (intentional infliction of emotional distress, against [**4] Kitchen, Etc.); Count IX (aiding and abetting in violation of G.L.c. 151B, § 4(5), against May, Taillion, Mayly and Camp); Count XI (violation of G.L.c. 12, § 11I stemming from sexual harassment, against Michaud, White and Doherty); Count XII (intentional infliction of emotional distress, against Michaud, White and Doherty); Count XIII (reckless infliction of emotional distress, against Michaud, White and Doherty); and Count XV (violation of G.L.c. 12, § 11I based on sexual orientation, against Michaud, White and Doherty).

DISCUSSION

[HN1]When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiff's favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429, 583 N.E.2d 228 (1991). [HN2]The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98, 360 N.E.2d 870 (1977), [**5] citing Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). "[A] complaint is not subject to dismissal if it would support relief on any theory of law." Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89, 390 N.E.2d 243 (1979).

I. Counts II, IV, XI and XV

The defendants contend that Counts II, IV, XI and XV, alleging violations of the Massachusetts Civil Rights Act, G.L.c. 12, § 11I ("MCRA"), must be dismissed because Cuddi's MCRA claims are preempted by Cuddi's identical claims under G.L.c. 151B, and because the alleged harassing conduct by the defendant coworkers does not as a matter of law constitute threats, intimidation or coercion as required under MCRA.

A.

The defendants first contend that Counts II, IV, XI and XV are preempted by Cuddi's identical claims under G.L.c. 151B. Specifically, they assert that G.L.c. 151B, § 9 provides the exclusive remedy for employment discrimination actions. Section 9 of chapter 151B provides, in relevant part, that, [HN3]"as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive; and the final [**6] determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned."

Whether a plaintiff who satisfies the procedural requirements of G.L.c. 151B may thereafter assert an action in court under other statutes has not been expressly decided by the Supreme Judicial Court and is the subject of significant debate. n1 This court has held that [HN4]where a plaintiff satisfies the requirements of G.L.c. 151B, he may thereafter proceed to bring an action in the Superior Court under other relevant statutes. DeBarboza v. Cablevision of Boston, Inc., Civil No. 98-4244 (Lauriat, J.) (Super.Ct. Jan. 29, 1999) (9 Mass. L. Rep. 539); O'Brien v. Avis Rent A Car System, Inc., Civil No. 96-5501 (Lauriat, J.)

Page 3

Case 3:04-cv-30217-MAP   Document 9-2   Filed 02/14/2005   Page 4 of 13

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405

(Super.Ct. May 1, 1997) (6 Mass. L. Rptr. 567); see also *Jancey v. School Committee of Everett*, 421 Mass. 482, 497, 658 N.E.2d 162 (1995); *Charland v. Muzi Motors, Inc.*, 417 Mass. 580, 586, 631 N.E.2d 555 (1994); *Clarke v. Kentucky Fried Chicken of California, Inc.*, 57 F.3d 21, 25 (1st Cir. 1995). The defendants have not disputed that Cuddi has met the administrative requirements of c. 151B. [**7] Therefore defendants' motion to dismiss Counts II, IV, XI and XV on the ground that they are preempted by G.L.c. 151B is denied.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - -

n1 The debate over this issue appears to be primarily in the Superior Court. See discussion in *Rowe v. Town of North Reading*, 2001 Mass. Super. LEXIS 38, Civil No. 98-4216 (Super.Ct. Jan. 5, 2001) (Houston, J.).

- - - - - - - - - - - - End Footnotes - - - - - - - -

B.

The defendants have also moved to dismiss Counts II, IV, XI and XV on the ground that Cuddi cannot show a violation of MCRA because the defendants' actions could not amount to interference or an attempt to interfere with Cuddi's rights by "threats, intimidation or coercion." G.L.c. 12, §§ 11H and 11I. Specifically, they assert that "threats, intimidation or coercion," under MCRA must involve actual or potential physical confrontations involving threat of harm.

The defendants are correct that [HN5]the Supreme Judicial Court has repeatedly interpreted the phrase, "threats, intimidation or coercion," to occur in cases of actual or potential physical [**8] confrontations involving threat of harm. *Planned Parenthood League v. Blake*, 417 Mass. 467, 473 n.8, 631 N.E.2d 985 (1994); *Layne v. Superintendent, Massachusetts Correctional Institution*, 406 Mass. 156, 158, 546 N.E.2d 166 (1989). However, the Court has made clear that in interpreting the word "coercion," it does not limit its scope to actual or attempted physical force. *Buster v. George W. Moore, Inc.*, 438 Mass. 635, 646, 783 N.E.2d 399 (2003) (economic coercion alone may be actionable under MCRA). Rather, coercion can include either physical or moral force which constrained the plaintiff to "do against his will something he would not otherwise have done." *Id.*

Cuddi charges in Counts II and IV of his Complaint that defendant Kitchen, Etc. failed to protect him from the alleged harassment with proper training or other management efforts. He does not claim in his complaint that Kitchen, Etc. itself targeted a "direct assault" at him. See *Bally v. Northeastern Univ.*, 403 Mass. 713, 719, 532 N.E.2d 49 (1989). Accepting as true Cuddi's allegation that Kitchen, Etc. failed to properly train or manage its employees to protect him from sexually harassing and discriminating conduct, [**9] this failure does not involve actions rising to the level of threats, intimidation or coercion under MCRA. See *Longval v. Comm'r of Correction*, 404 Mass. 325, 333, 535 N.E.2d 588 (1989). Therefore, Cuddi's MCRA claims against Kitchen, Etc. must fail as a matter of law.

Cuddi also charges MCRA violations against defendants Michaud, White and Doherty in Counts XI and XV. Specifically, he describes two incidents: the first in which defendant Doherty approached him in the back room of the store and unbuckled his belt and unzipped his pants stating, "this is what you called me back here for . . . this is what you want," and the second when defendant White came into the back room and said in the presence of Cuddi, Michaud and Doherty, "I heard a gay guy was screwing in the back room and I wanted to see how a gay guy screwed." Cuddi also asserts that sexually harassing comments and conduct of this sort occurred on a daily basis. The defendants urge this court to dismiss this claim because, like the claim against Kitchen, Etc., these instances do not rise to the level of threatening, intimidating, or coercive conduct under MCRA as interpreted by the Supreme Judicial Court.

The Supreme Judicial [**10] Court noted in *Buster* that sexual harassment can rise to the level of "coercion" within the meaning of MCRA where the harassment makes it impossible for a victim to continue her employment. 438 Mass. at 647. However, the Court specifically pointed to a case in which a supervisor repeatedly and aggressively made clear that an employee's job was in jeopardy if she did not accede to his overt sexual advances. *O'Connell v. Chasdi*, 400 Mass. 686, 694, 511 N.E.2d 349 (1987). In contrast, Cuddi does not allege the defendants physically threatened him or that the defendants exerted any force, physical or moral, which constrained him to "do against his will something he would not otherwise have done." See *Buster*, 438 Mass. at 646.

Accordingly, the court concludes that these incidents do not rise to the level of threatening, intimidating, or coercive acts actionable under the MCRA, and the defendants' motion to dismiss Counts II, IV, XI and XV is allowed.

Case 3:04-cv-30217-MAP   Document 9-2   Filed 02/14/2005   Page 5 of 13

17 Mass. L. Rep. 65; 2003 Mass. Super. LEXIS 405

II.

Counts VI and VII of the Complaint charge defendant Kitchen, Etc. with negligent and intentional infliction of emotional distress. Counts XII and XIII charge defendants Michaud, White and Doherty [**11] with intentional and reckless infliction of emotional distress. The defendants have moved to dismiss these claims on the ground that they are barred by the Workers' Compensation Act. G.L.c. 152, § 24.

[HN6]It is well settled law that actions for negligent and intentional infliction of emotional distress against an employer are barred by the exclusivity clause of the Workers' Compensation Act. G.L.c. 152, § 24; *Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558, 664 N.E.2d 808 (1996); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 214-15, 696 N.E.2d 953 (1998). Cuddi concedes this point in his brief. Accordingly, the defendants' motion to dismiss Counts VI and VII is allowed.

Counts XII and XIII of the complaint, in contrast, allege intentional and reckless infliction of emotional distress by the individual employees, Michaud, White and Doherty. The defendants likewise contend that these claims are barred by the Workers' Compensation Act.

[HN7]Suits against individual employees are barred by the Workers' Compensation Act only if their conduct was within the scope of employment. *Anzalone v. Massachusetts Bay Transportation Authority*, 403 Mass. 119, 124, 526 N.E.2d 246 (1988); [**12] *O'Connell*, 400 Mass. at 690. If a fellow employee commits an intentional tort not related to the interests of the employer, the policies behind the Workers' Compensation Act would not be served by immunizing the co-employee. *O'Connell*, 400 Mass. at 690. Accordingly, in order for defendants Michaud, White and Doherty to be protected by the exclusivity provision of the Workers' Compensation Act, they would need to have been acting within the scope of their employment to further the interest of Kitchen, Etc. when they committed the alleged harassing conduct. See *Anzalone*, 403 Mass. at 124-25 (holding exclusivity provision barred claim of intentional infliction of emotional distress where complained-of conduct related wholly to defendant's position as plaintiff's supervisor and the manner in which he exercised his supervisory duties).

Accepting as true the factual allegations of the Complaint, as well as any reasonable inferences which can be drawn therefrom in Cuddi's favor, the actions and comments of defendants Doherty, White and Michaud were not done or said in the course of their employment by, or in furtherance of the interests [**13] of Kitchen, Etc. The defendants' motion to dismiss Counts XII and XIII is denied.

III.

The defendants next contend that this court should dismiss either Count XII (intentional infliction of emotional distress) or Count XIII (reckless infliction of emotional distress) because there is no cognizable distinction between the two torts and the claims are redundant. The court agrees.

[HN8]The elements for reckless infliction of emotional distress and intentional infliction of emotional distress are identical. *Bowman v. Heller*, 420 Mass. 517, 519 n.2, 651 N.E.2d 369 (1995). The Supreme Judicial Court has regularly lumped the two named torts together, referring to the tort as, "intentional or reckless infliction of emotional distress." See, e.g. *Bowman*, 420 Mass. at 519; *Nancy P. v. D'Amato*, 401 Mass. 516, 520, 517 N.E.2d 824 (1988); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 143, 355 N.E.2d 315 (1976); see discussion in *Tilton v. Town Of Franklin*, 24 Mass.App.Ct. 110, 112, 506 N.E.2d 897 (1987). Because the tort of intentional infliction of emotional distress is the same as the tort of reckless infliction of emotional distress and both claims are brought against the [**14] same defendants for the same set of facts, the court will dismiss Count XIII (reckless infliction of emotional distress) and allow Cuddi to proceed with Count XII (intentional infliction of emotional distress).

IV.

The defendants have also moved to dismiss Count IX against defendants May, Taillion, Mayly and Camp for Cuddi's failure to first file a charge of discrimination with the MCAD under the specific requirements of G.L.c. 151B. The defendants argue that because Cuddi's MCAD charge named only one respondent, Kitchen, Etc., Cuddi's action against the individual defendants in this court must fail.

[HN9]Massachusetts law requires that a discrimination action under G.L.c. 151B be preceded by a charge filed with the MCAD within six months of the discriminatory conduct. G.L.c. 151B, § 5. Regulations promulgated by the MCAD under G.L.c. 151B require that the charge contain, "appropriate identification of the Complaint(s) and the person(s) alleged to have committed unlawful discriminatory acts." 804 C.M.R. § 1.10(5)(d). The purpose of the filing requirement is to provide defendants with notice of a potential suit and an opportunity [**15] to investigate and conciliate the claim of discrimination. *Carter v. Commissioner of Correction*, 43 Mass.App.Ct. 212, 217, 681 N.E.2d

1255 (1997). Failure to file a charge with the MCAD bars recovery in a subsequent judicial action. *Andrews v. Arkwright Mut. Ins. Co.*, 423 Mass. 1021, 673 N.E.2d 40 (1996). Although the Massachusetts appellate courts have not specifically decided this issue, the U.S. District Court, in interpreting Massachusetts law, concluded that a subsequent civil action would not be precluded if the individual party's conduct was put in issue by the MCAD charge and he had notice of and an opportunity to conciliate the charge. *Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 235 (D.Mass. 1997).

The MCAD charge here does not reference by name or title chief executive officer Robert Camp, vice president Ron Mayly, or benefits administrator Darlene Taillion, and therefore they had no notice or opportunity to conciliate the charge. Furthermore, while the charge describes the involvement of defendant May, it does not directly accuse her of engaging in the allegedly harassing or discriminatory conduct such that she would have sufficient [**16] notice or opportunity to conciliate the charge, especially where the charge named as defendant only Kitchen, Etc. May did not attend MCAD conciliation meetings or file affidavits with the MCAD. See *Lawler v. Malden Housing Authority*, Civil No. 98-2025 (Super.Ct. Oct. 20, 1998) (Dortch-Okara, J.) (9 Mass. L. Rptr. 491); *Kuketz v. MDC Fitness Corp.*, Civil No. 98-0114 (Super.Ct. August 10, 1998) (Chin, J.) (9 Mass. L. Rptr. 261). As such, there is no evidence that May should have had or did have notice of the charge or opportunity to conciliate.

Therefore, the defendants' motion to dismiss Count IX against the individual defendants is allowed. Because this count is dismissed against defendants May, Taillion, Mayly and Camp, it is unnecessary for the court to reach or determine their motion to dismiss of defendants Camp and Taillion, pursuant to Mass.R.Civ.P. 12(b)(2), for lack of personal jurisdiction over them.

ORDER

For the foregoing reasons, the Defendants' Motion to Dismiss Pursuant to MRCP 12(b)(6) is *ALLOWED* as to Counts II, IV, VI, VII, IX, XI, XIII and XV, and is *DENIED* as to Count XII. The Defendant Robert Camp's and Darlene Taillon's [**17] Joint Motion to Dismiss Pursuant to MRCP 12(b)(2) is *DENIED* as moot.

Peter M. Lauriat Justice of the Superior Court

Dated: October 2003

5

Case 3:04-cv-30217-MAP    Document 9-2    Filed 02/14/2005    Page 8 of 13

6 Mass. L. Rep. 706; 1997 Mass. Super. LEXIS 316

Margaret A. Riebold v. Eastern Casualty Insurance Company, Inc. et al.

9700306

SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX

6 Mass. L. Rep. 706; 1997 Mass. Super. LEXIS 316

June 4, 1997, Decided

**DISPOSITION:** [**1] 1. The defendants' motion to dismiss Counts I, v. and VI of plaintiff's amended complaint is ALLOWED. 2. The defendants' motion to dismiss Count II is DENIED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant corporate employer filed a motion to dismiss Counts I and II of plaintiff employee's amended complaint for discrimination pursuant to Mass. R. Civ. P. 12(b)(6), defendant supervisor filed a motion to dismiss Count V pursuant to Mass. R. Civ. P. 12(b)(5) and 12(b)(6), and defendant department head filed a motion to dismiss Count VI pursuant to Mass. R. Civ. P. 12(b)(6) and 12(b)(6).

**OVERVIEW:** The employee filed charges of discrimination with the Massachusetts Commission Against Discrimination (MCAD), naming only her corporate employer as a respondent, and subsequently filed an amended complaint in the superior court which referred to the MCAD complaint. The employee alleged sex discrimination in the workplace in violation of Mass. Gen. Laws ch. 151B, § 4 by all of the defendants in Count I and age discrimination in violation of Mass. Gen. Laws ch. 151B, § 4 in Count II. The court determined that the employee's MCAD complaint failed to identify the claim and the respondent with particularity as required, and therefore granted the motion to dismiss as to Count I. The court further determined that the employee had stated a prima facie case of age discrimination and allowed that count to stand. Finally, the court granted the supervisor and department head's motion to dismiss Counts V and VI because these individuals were not specifically named as respondents in the amended MCAD complaint form as required by Mass. Regs. Code tit. 804, § 1.03(4).

**OUTCOME:** The court granted the motions to dismiss Counts I, V, and VI of the employee's amended complaint for discrimination in the workplace and denied the motion to dismiss Count II because the employee had stated a prima facie case of age discrimination.

**CORE TERMS:** motion to dismiss, box, unlawful practice, grade, sex discrimination, prima facie case, labor organization, employment agency, identification, discriminated, particularity, promoted, asking, male, sex, failure to state a claim, handicap discrimination, age discrimination, qualification, authenticity, questioned, definite, younger, person claiming, set forth, appointment, experienced, aggrieved, handicap, verified

**LexisNexis(TM) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*

[HN1]When evaluating the sufficiency of a complaint pursuant to Mass. R. Civ. P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom, in the plaintiff's favor. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. A complaint is not subject to dismissal if it could support relief under any theory of law. All inferences should be drawn in the plaintiff's favor, and the complaint is to be construed so as to do substantial justice.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*

[HN2]A document is not outside a complaint for purposes of Mass. R. Civ. P. 12(b)(6) if the complaint specifically refers to the document and its authenticity is not questioned by either party.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*

[HN3]If a plaintiff refers to any written document in a complaint, then that document is considered part of the complaint for purposes of Mass. R. Civ. P. 12(b)(6).

Page 1

*Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies*

[HN4] Mass. Gen. Laws ch. 151B, § 9 contains an administrative exhaustion requirement which mandates that a plaintiff desiring to bring suit must first file a complaint with the Massachusetts Commission Against Discrimination (MCAD) within 180 days of the occurrence of alleged unlawful conduct. After a complaint is pending before the MCAD for 90 days, the plaintiff may then file a complaint in state court.

*Labor & Employment Law > Discrimination > Age Discrimination > Other Laws*

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Other Laws*

[HN5] Mass. Gen. Laws, ch. 151B, § 5 states in part that: Any person claiming to be aggrieved by an alleged unlawful practice may, by himself or his attorney, make, sign and file with the Massachusetts Commission Against Discrimination a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of which shall set forth the particulars thereof and contain such other information as may be required by the commission.

*Labor & Employment Law > Discrimination > Age Discrimination > Other Laws*

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Other Laws*

[HN6] Where applicable, Mass. Gen. Laws, ch. 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections, and a plaintiff's failure to adhere to the requirements of this statute necessitates the dismissal of her complaint.

*Labor & Employment Law > Discrimination > Age Discrimination > Other Laws*

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Other Laws*

[HN7] An employee filing a complaint with the Massachusetts Commission Against Discrimination must follow the "particularity" requirement of the statute and identify the claim and the respondent with particularity.

*Labor & Employment Law > Discrimination > Age Discrimination > Coverage & Definitions*

*Labor & Employment Law > Discrimination > Age Discrimination > Other Laws*

[HN8] Mass. Gen. Laws ch. 151B, § 4 states in part: It shall be an unlawful practice: for a employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.

*Labor & Employment Law > Discrimination > Age Discrimination > Coverage & Definitions*

[HN9] Discrimination claims under Massachusetts law are analyzed and reviewed in three stages. In the first stage, a plaintiff must assert a prima facie case of discrimination. To make out a prima facie case the plaintiff must show that (1) she is over 40 years of age; (2) she is qualified for the position in question; (3) she was denied the position in question; and (4) that the employer filled that position with a younger individual with qualifications similar to those of the plaintiff.

*Labor & Employment Law > Discrimination > Age Discrimination > Enforcement*

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Enforcement*

[HN10] Mass. Regs. Code tit. 804, § 1.03(4) requires that a Massachusetts Commission on Discrimination (MCAD) complaint contain appropriate identification of the complaint(s) and the person(s) alleged to have committed unlawful discriminatory acts. Mass. Regs. Code tit. 804, § 1.03(4). Where a MCAD complaint fails to identify putative defendants in the indicated box, appropriate identification is not set forth.

**JUDGES:** Raymond J. Brassard, Justice of the Superior Court.

**OPINIONBY:** RAYMOND J. BRASSARD

**OPINION:** MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

INTRODUCTION

On May 8, 1997 this court heard the following motions: (1) Defendant, Eastern Casualty Insurance Company's ("Eastern Casualty"), motion to dismiss Counts I and II of the amended complaint pursuant to Mass.R.Civ.P. 12(b)(6) or, in the alternative, a motion for a more definite statement as to Count II pursuant to Mass.R.Civ.P. 12(e); (2) Defendant, Thomas H. Ruggiero's ("Ruggiero"), motion to dismiss Count V pursuant to Mass.R.Civ.P. 12(b)(5) and 12(b)(6); and (3) Defendant, Michael M. O'Connor's ("O'Connor"),

Page 2

motion to dismiss Count VI of the amended complaint pursuant to Mass.R.Civ.P. 12(b)(5) and 12(b)(6).

This case raises issues of the degree of particularity that is required for the proper filing of a complaint before the Massachusetts Commission Against Discrimination ("MCAD"). Because this court concludes that this statute requires both specific identification [**2] of the respondent and the setting forth of particulars as to the cause of discrimination, the defendants' motion to dismiss on Counts I, V, and VI are ALLOWED. All other motions are DENIED.

BACKGROUND

A. Superior Court Complaint

On or about June, 1988, the plaintiff was hired by Eastern Casualty as a Loss Control Consultant. At this time, she was 50 years old and had 13 years experience in this field. The plaintiff is the oldest Loss Control Consultant employed by Eastern Casualty. Ruggiero is the Loss Control Manager for Eastern Casualty and the plaintiff's supervisor. O'Connor is the director of the Underwriting Department.

The plaintiff alleges that since September, 1993 she covered a larger geographic area than other Loss Control Consultants, requiring her to drive further than other consultants. O'Connor had the plaintiff's appointment scheduling changed and gave her inadequate time to make surveys. The plaintiff further alleges that on or about November 18, 1993, O'Connor disparaged, demeaned, and humiliated her in front of approximately 15 employees in the Underwriting Department. From 1993 through November 18, 1995, Ruggiero deliberately excluded the plaintiff from [**3] attending training seminars.

When Eastern Casualty divided the position of Loss Control Consultants into two pay grades, the plaintiff was not promoted to the higher pay grade, but two male employees, in their twenties and less experienced, were promoted to the higher pay grade. The plaintiff further claims that on or about October, 1995, Eastern Casualty sent the plaintiff out on a training exercise with a male employee approximately 27 or 28 years of age in an attempt to humiliate and embarrass the plaintiff. The plaintiff alleges that as a result of the defendants' conduct, she had to take a medical leave of absence due to stress in November, 1995.

On or about February 5, 1996, the plaintiff returned to work with a letter from her doctor authorizing her return subject to some restrictions. Ruggiero and O'Connor refused to make any reasonable accommodations regarding her physician's request. Furthermore, the plaintiff was required to report to the office each day to sign in, then go to her appointments and when finished return to the office to sign out. This procedure had never been required of other Loss Control Consultants.

B. MCAD Complaint

In December 1995, the plaintiff [**4] filed a "charge of discrimination" with the MCAD naming only Eastern Casualty in the box asking who discriminated against complainant. The form indicates that if there is more than one person or agency who has discriminated against complainant, then the others should be listed in the space provided. Under the box asking for the "cause of discrimination," the plaintiff checked "age," "sex," and "other." Next to "other," the plaintiff typed in the word "handicap." In the box asking the complainant to describe the particulars, the plaintiff specifically indicated that Eastern Casualty, O'Connor, and Ruggiero discriminated against her. In the plaintiff's second "charge of discrimination," filed in March, 1996, the plaintiff again names Eastern Casualty as the sole respondent.

DISCUSSION

[HN1]
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom, in the plaintiff's favor. *Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426, 429, 583 N.E.2d 228 (1991), and, cases cited. The complaint should not be dismissed for failure to state a claim unless [**5] it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Nader v. Citron*, 372 Mass. 96, 98, 360 N.E.2d 870 (1977), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); see also *Charbonnier v. Amico*, 367 Mass. 146, 152, 324 N.E.2d 895 (1975); *Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 89, 390 N.E.2d 243 (1979).

A complaint is not subject to dismissal if it could support relief under any theory of law. *Whitinsville, supra* at 89. All inferences should be drawn in the plaintiff's favor, and the complaint "is to be construed so as to do substantial justice . . ." *Ourfalian v. Aro Mfg. Co.*, 31 Mass. App. Ct. 294, 296, 577 N.E.2d 6 (1991).

The plaintiff argues that a 12(b)(6) motion tests the legal sufficiency of the complaint, therefore, matters outside the complaint should not be considered.

Page 3

Case 3:04-cv-30217-MAP   Document 9-2   Filed 02/14/2005   Page 11 of 13

6 Mass. L. Rep. 706; 1997 Mass. Super. LEXIS 316

[HN2]A document is not outside a complaint if the complaint specifically refers to the document and its authenticity is not questioned by either party. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (citing Townsend v. Columbia Operations, 667 F.2d [**6] 844, 848-49 (9th Cir. 1982)). In paragraphs 25 and 32 of the plaintiff's amended complaint she specifically refers to both MCAD complaints and neither party has questioned the authenticity of the MCAD complaints. [HN3]If a plaintiff refers to any written document in a complaint, then that document is considered part of the complaint. See Paulemon v. Tobin, 30 F.3d 307, 308 (2nd Cir. 1994) (citing Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2nd Cir. 1991)).

A. Count I

Count I alleges sex discrimination in the workplace by all defendants in violation of G.L.c. 151B, 4. [HN4]The statute contains an administrative exhaustion requirement which mandates that a plaintiff desiring to bring suit must first file a complaint with the MCAD within 180 days of the occurrence of alleged unlawful conduct. See G.L.c. 151B, 9. After a complaint has been pending before the MCAD for 90 days, the plaintiff may then file a complaint in state court. See id.

Defendants argue that Count I should be dismissed because the plaintiff failed to bring a claim of sex discrimination before the MCAD. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - -

n1 Defendants also argue that the allegations in Count I do not state a claim. This court concludes that the complaint states a claim of sex discrimination.

- - - - - - - - - - - - End Footnotes - - - - - - - - - - - -

[**7]

[HN5]
Massachusetts General Law, c. 151B, 5 states in pertinent part that:Any person claiming to be aggrieved by an alleged unlawful practice . . . may, by himself or his attorney, make, sign and file with the commission a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of . . . which shall set forth the *particulars* thereof and contain such other information as may be required by the commission. (Emphasis added.)

The MCAD form used to file a claim of discrimination has a section which asks the complainant to check a box indicating what the grounds for discrimination are. These boxes are, "race," "color," "sex," "religion," "national origin," "age," "retaliation," and "other." The complaint form also asks the complainant to state "the particulars" which gave rise to the claim.

It is well settled "that, [HN6]where applicable, G.L.c. 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections, and that the plaintiff's failure to adhere to the requirements [**8] of [this statute necessitates] the dismissal of [her] complaint." Charland v. Muzi Motors, Inc., 417 Mass. 580, 586, 631 N.E.2d 555 (1994). See also Mason v. Pegassystems, Inc., 5 MASS. L. RPTR. 509 (Superior Ct. 1994); Harrison v. Boston Financial Data Services, Inc., 37 Mass. App. Ct. 133, 135, 638 N.E.2d 41 (1994) (citing Sereni v. Star Sportswear Mfg. Corp., 24 Mass. App. Ct. 428, 429, 509 N.E.2d 1203 (1987)).
[HN7]
An employee filing a complaint with the MCAD must follow the "particularity" requirement of the statute. In Belonni v. Reservoir Nursing Center, 1994 Mass. Super. LEXIS 345, 1 MASS. L. RPTR. No. 22, 448 (January 18, 1994), the defendant argued that the plaintiff was not entitled to seek relief in the Superior Court for alleged handicap discrimination because the plaintiff failed to file a charge with the MCAD based on handicap discrimination. The plaintiff asserted that her handicap was complained of several times in a schedule that was attached to the MCAD complaint. The court noted that the filing requirements of G.L.c. 151B, 5, "are intended to give employers fresh notice of discrimination complaints[.]" 1994 Mass. Super. LEXIS 345, *13, 1 MASS. L. RPTR. at 450 (citing Christo v. Edward G. Boyle Ins. Agency, Inc., [**9] 402 Mass. 815, 817, 525 N.E.2d 643 (1988)). The court in Belonni reasoned that it was not enough for the plaintiff to describe the events that occurred giving rise to her claim. The court concluded that it was also necessary for the employee to check off the appropriate box indicating the basis of her particular claim. Id.

The case at bar presents facts which are the opposite of those before the court in Belonni. In the present case, the plaintiff did "check" the box for "sex," however, she did not give the particulars as required by the statute and the complaint form. Because the plaintiff failed to set forth any particulars as required, her claim of sex discrimination is barred. These requirements

Page 4

Case 3:04-cv-30217-MAP    Document 9-2    Filed 02/14/2005    Page 12 of 13

6 Mass. L. Rep. 706; 1997 Mass. Super. LEXIS 316

"are an important part of the statutory scheme and cannot be lightly disregarded." 1994 Mass. Super. LEXIS 345, *13, 1 MASS. L. RPTR. at 450. Under the statute, an MCAD complaint must identify the claim and respondent with particularity. Therefore, defendants' motion to dismiss Count I is ALLOWED.

B. Count II.

Count II alleges age discrimination in violation of G.L.c. 151B, 4. The defendants argue that Count II of the complaint should be dismissed for "failure to state a claim upon which relief can be granted" [**10] pursuant to Mass.R.Civ.P. 12(b)(6). The defendants assert that the plaintiff's amended complaint fails to allege facts that make out a prima facie case of age discrimination. The plaintiff contends that she is a member of the protected class (over forty years of age), was qualified for the higher pay grade created by Eastern Casualty and despite her qualifications, was not considered for the higher pay grade. Nevertheless, two male employees, younger and less experienced, were promoted. The complaint further alleges that since 1988, Eastern Casualty has hired approximately five Loss Control Consultants, and all but one was less than thirty years of age.

[HN8]Massachusetts General Law c. 151B, 4 states in relevant part:It shall be an unlawful practice: . . . for a employer in the private sector, by himself or his agent, because of the *age* of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification. (Emphasis added.)

[HN9]Discrimination claims under Massachusetts [**11] law are analyzed and reviewed in three stages. See *Lehman v. Prudential Ins. Co. Of America*, 74 F.3d 323, 327 (1st Cir. 1996). In the first stage, the plaintiff must assert a prima facie case of discrimination. *See id.* To make out a prima facie case the plaintiff must show that (1) she is over forty years of age; (2) she is qualified for the position in question; (3) she was denied the position in question; and (4) that the employer filled that position with a younger individual with qualifications similar to those of the plaintiff.

The allegations in the plaintiff's complaint and the inferences that can be drawn from these allegations are sufficient to state a claim. Accordingly, defendants' motion to dismiss Count II is DENIED.

This court also DENIES the defendants' motion for a more definite statement pursuant to Rule 12(e), Mass.R.Civ.P. Count II is adequate for defendants to frame a responsive pleading.

C. Count V and VI

Ruggiero and O'Connor assert that the plaintiff failed to name them in the MCAD complaint filed against Eastern Casualty and that separate claims were never filed against them at the MCAD. Ruggiero and O'Connor further contend that Counts [**12] V and VI are therefore barred by the statute of limitations and must be dismissed.

Massachusetts General Law c. 151B, 5 states in pertinent part:Any person claiming to be aggrieved by an alleged unlawful practice or alleged violation . . . may . . . make, sign and file with the commission a verified complaint in writing which *shall state the name and address of the person*, employer, labor organization or employment agency alleged to have committed the unlawful practice complained . . . (emphasis added).There is no doubt that the plaintiff filed a timely complaint with the MCAD with respect to defendant Eastern Casualty. The plaintiff's complaint, however, does not name O'Connor and Ruggerio on the complaint form where it reads "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO HAS DISCRIMINATED AGAINST ME." n2 The form also states that if there is more than one respondent to indicate as such. The space for additional parties on the plaintiff's form is blank. Also, it should be noted that in the plaintiff's second MCAD complaint, Eastern Casualty is again the only respondent listed. [**13]

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - -

n2 The MCAD complaint form does not use the word "person." The statute, however, does require that the complaint state the name and address of the "person" who committed the discrimination.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

The plaintiff did refer to O'Connor and Ruggiero in the particulars on the complaint form. [HN10]The Code of Massachusetts Regulations requires that the complaint contain "appropriate identification of the complaint(s) and the person(s) alleged to have committed unlawful

Page 5

Case 3:04-cv-30217-MAP    Document 9-2    Filed 02/14/2005    Page 13 of 13

6 Mass. L. Rep. 706; 1997 Mass. Super. LEXIS 316

discriminatory acts [.]" 804 C.M.R. 1.03 (4). Because the MCAD complaint failed to identify O'Connor and Ruggiero in the indicated box, "appropriate identification" was not set forth. *See Salhab v. Middlesex County*, 2 MASS. L. RPTR. No. 2, 35 (May 16, 1994) (dismissing complaints against two employees because they were not named in the MCAD complaint as required by G.L.c. 151B). Accordingly, defendants' motion to dismiss Counts v. and VI is ALLOWED.

ORDER

1. The defendants' motion to dismiss Counts I, v. and VI of plaintiff's amended complaint is [**14] ALLOWED.

2. The defendants' motion to dismiss Count II is DENIED.

Raymond J. Brassard

Justice of the Superior Court

DATED: June 4, 1997