Debra Avery v. PTP, Inc. et al. n1

n1 PTP, Inc. dba Fiber Clean of New England aka Excel Management, George Hickman, James B. Jones, Richard Taylor and Art Omans.

94-1225-D

SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX

1998 Mass. Super. LEXIS 638

November 20, 1998, Decided
November 24, 1998, Filed

**DISPOSITION:** [*1] Defendants' Motion for Summary Judgment with respect to Counts I and II ALLOWED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant co-workers moved to dismiss plaintiff employee's sexual harassment claim against defendant employer on the grounds that they were not named as respondents in the employee's charge with the Massachusetts Commission against Discrimination.

**OVERVIEW:** Failure to file a timely complaint with the Massachusetts Commission against Discrimination (MCAD) against a defendant prior to filing suit in superior court barred a claim of discrimination against the defendant. The MCAD charge put one of the co-worker's conduct squarely in issue, but it was unclear whether he had notice of the charge and an opportunity to conciliate it. The employee offered no evidence that the co-worker had the opportunity to conciliate the charge, and could not defeat summary judgment with respect to her discrimination claim against him. It could be reasonably inferred that the other co-worker, as president of the company, had constructive notice of the MCAD charge. The court could also reasonably infer from the president's position that he had an opportunity to participate in the conciliation process. However, because the MCAD charge did not mention him, his conduct was not put in issue. The employee could not, therefore, maintain her discrimination claims against him.

**OUTCOME:** The motion to dismiss was granted.

**CORE TERMS:** notice, conciliate, summary judgment, reasonably infer, sexually harassed, civil action, conciliation, lawsuit, constructive notice, unlawful practice

### LexisNexis(TM) Headnotes

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*

[HN1]In ruling upon a motion to dismiss, the court must take the factual allegations of the complaint, as well as inferences which can be drawn therefrom in plaintiff's favor, as true. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. A complaint is not subject to dismissal if it would support relief under any theory of law.

*Labor & Employment Law > Discrimination > Sexual Harassment > Enforcement*

[HN2]See Mass. Gen. Laws ch. 151B, § 5.

*Labor & Employment Law > Discrimination > Sexual Harassment > Enforcement*

[HN3]Failure to file a timely complaint with the Massachusetts Commission against Discrimination against a defendant prior to filing suit in Superior Court bars a claim of discrimination against that defendant. A plaintiff's failure to satisfy the procedural requirements of Mass. Gen. Laws ch. 1512 necessitates the dismissal of the complaint.

*Labor & Employment Law > Discrimination > Sexual Harassment > Enforcement*

[HN4]Mass. Gen. Laws ch. 151B and Mass. Regs. Code tit. 804, § 1.03(4)(a), require plaintiff to name each party who allegedly committed the discrimination. The naming requirement of Mass. Gen. Laws ch. 151B gives the Massachusetts Commission against Discrimination an opportunity to investigate and settle disputes before lawsuits are filed, and it gives the accused an opportunity through conciliation to extricate himself from a lawsuit.

*Labor & Employment Law > Discrimination > Sexual Harassment > Enforcement*