UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE MARCELLA,              )<br>         Plaintiff,                      )<br>                                             )<br>v.                                          )<br>                                             )<br>BANKNORTH, N.A. MASSACHUSETTS, )<br>DONA BECK, GAIL HAMEL and  )<br>DAVID CLARK,                        )<br>         Defendants.                   ) | Docket No.  04-30217 MAP |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### Introduction

By their motion, Defendants Beck Hamel and Clark (the "Individual Defendants") move to dismiss Count III of the Complaint, alleging age discrimination claim against them under M.G.L.c. 151B.  In addition, Defendant Banknorth, N.A. moves to dismiss Count V of the Complaint, alleging violation of the Massachusetts Equal Pay Act, M.G.L. c. 149, s. 105A.

Plaintiff does not oppose the dismissal of Count V, alleging violation of the Massachusetts Equal Pay Act, M.G.L. c. 149, s. 105A.  However, Plaintiff does oppose the motion of the Individual Defendants to dismiss Count III of the Complaint.

In the alternative, should the Court finds that Plaintiff's complaint does not sufficiently alleged that the Individual Defendants had notice of and an opportunity to conciliate the MCAD charge or that the conduct of the Individual Defendants was put at issue, Plaintiff requests the Court to allow Plaintiff leave to amend the complaint to comply with any pleading deficiencies.

In support of this opposition, Plaintiff attaches as Exhibit A the Position Statement of Defendant Banknorth, N.A. that was filed in response to Plaintiff's MCAD charge.

**I.  THE FAILURE TO NAME THE INDIVIDUAL DEFENDANTS AS RESPONDENTS IN THE MCAD CHARGE DOES PRECLUDE A LATER CIVIL ACTION AGAINST THEM**

The federal courts have consistently held that, even where a wrongdoer was nowhere specified in an administrative charge before the Equal Employment Opportunity Commission ("EEOC"), there are exceptions to the rule that such a person is not subject to a subsequent civil action. See King v. First, 46 Mass. App. Ct. 372, 375 (1999), citing McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504-505 (1st Cir. 1996); Chatman v. Gentle Dental Center of Waltham, 973 F. Supp. 228, 234-235 (D.Mass. 1997). King assumed in dicta that the exceptions applied by the federal courts with regard to EEOC complaints apply to MCAD complaints, even where the party was not specifically mentioned anywhere in the MCAD complaint. See King, supra at 375 ("[we] assum[e] without deciding that these exceptions are applicable in this case . . .").

Those federal exceptions consider whether the unnamed respondent "**has notice of, and participated in, the conciliation proceedings**." Id. The purpose of the filing requirement for a proper MCAD charge is to provide a respondent with notice of the charges and an opportunity to conciliate them. See King, supra at 375; Carter v. Commissioner of Corrections, 43 Mass. App. Ct. 212, 217 (1997).

A charge that puts a party's conduct at issue and provides him with fair notice and an opportunity to participate in the MCAD proceeding permits that party to be named as a defendant in a later Chapter 151B action in court, even though he was not specifically identified anywhere in the MCAD complaint. Commonwealth v. Aron, No. 004411 (Middlesex Superior Court, July 30, 2001)[1]; Chapin v. University of Massachusetts at Lowell, 977 F. Supp. 72, 76-77 (D.Mass.1997) (plaintiff's identification of "management or other officials overseeing the Police

---

[1]  The Superior Court opinion in Commonwealth v. Aron is attached as Exhibit B.

Department" was adequate to put the police chief's conduct at issue, and provide sufficient notice and opportunity to conciliate).

In Commonwealth v. Aron, supra, Judge Cratsley catalogued at footnote 2 the Superior Court cases that have analyzed the question using the test of whether the party's conduct was put at issue and whether the party had notice and an opportunity to conciliate the claim.

Further support for applying this federal test is found in Brunson v. Wall, 405 Mass. 446, 451 (1989) where the Supreme Judicial Court applied a similar test in holding that individual defendants not named as parties in the prior MCAD proceeding were entitled to the defense of issue preclusion based on the MCAD decision because their conduct was at issue.

Applying this test to the case at bar, it is undisputed that Defendants Beck and Clark were specifically identified in the "particulars" portion of the MCAD complaint, and thus their conduct was specifically placed at issue. In addition, "Human Resources screening" is specifically named in the body of the MCAD Complaint in connection with the hiring decision that is the subject of this action. MCAD Complaint, para. 4. Defendant Hamel is the Human Resources person who did the screening, though the MCAD Complaint does not specifically name her. Thus her conduct was at issue. Chapin v. University of Massachusetts at Lowell, 977 F. Supp. 72, 76-77 (D.Mass.1997); Brunson v. Wall, 405 Mass. 446, 451 (1989)

According to the Position Statement of Defendant Banknorth, N.A. that was filed in response to Plaintiff's MCAD charge (Exhibit A, p. 14), Defendants Beck, Clark and Hamel "collectively" made the hiring decision that is the subject of this action. It would be unfair and unreasonable to require Plaintiff to name in her MCAD charge all persons who made the hiring decision in the absence of evidence that she was aware of each person who had made it. In any event, the charge as written places the conduct of each of the Defendants at issue.

**II.   THE INDIVIDUAL DEFENDANTS HAD NOTICE AND AN OPPORTUNITY TO CONCILIATE THE MCAD CHARGE**

It is clear from Exhibit A that the Individual Defendants had notice of the MCAD proceeding and an opportunity to participate in it.  To begin with, Defendant Hamel **signed** the Position Statement on behalf of Banknorth.  Exhibit A, p. 19.  Obviously, she had notice of the MCAD proceeding and participated in it.  With regard to Defendants Beck and Clark, their handwritten evaluations of Plaintiff with regard to the challenged hiring decision are attached to the Position Statement as exhibits.  Exhibit A, p. 8-10.  Finally, an email from Defendant Beck to Defendant Hamel concerning the hiring decision is attached as an exhibit as well, Exhibit A, p. 10.  Accordingly, they are properly named as defendants in this action, whether or not they were specifically identified in the MCAD complaint.

**III.   IF THE COURT IS REQUIRED TO LOOK OUTSIDE THE MOTION TO DISMISS RECORD TO DETERMINE WHETHER THE INDIVIDUAL DEFENDANTS HAD THEIR CONDUCT PUT AT ISSUE AND/OR HAD FAIR NOTICE AND AN OPPORTUNITY TO PARTICIPATE IN THE MCAD PROCEEDING, A MOTION TO DISMISS IS NOT THE CORRECT VEHICLE TO DETERMINE THOSE ISSUES**

If the Court cannot determine, on the face of the motion to dismiss record properly before it, whether the individual Defendants had their conduct put at issue and/or had fair notice and an opportunity to participate in the MCAD proceeding, the motion to dismiss is not the correct vehicle to determine those issues.  Plaintiff submits that the record adequately demonstrates that this standard has been met.  Accordingly, the motion should be denied.  If, however, the Court disagrees or believes that the Complaint should allege these additional facts as a matter of form, Plaintiff seeks leave to amend the complaint in order to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the motion to dismiss of the Individual Defendants be denied. In the alternative, should the Court finds that Plaintiff's complaint does not sufficiently alleged that the Individual Defendants had notice of and an opportunity to conciliate the MCAD charge or that the conduct of the Individual Defendants was put at issue, Plaintiff requests the Court to allow Plaintiff leave to amend the complaint to comply with any pleading deficiencies.

JANICE MARCELLA,

By her attorney,


/ s / Richard A. Mulhearn
Richard A. Mulhearn
BBO: 359680
Law Office of Richard A. Mulhearn, P.C.
41 Elm Street
Worcester, MA 01609
Tel: (508) 753-9999

Dated: February 25, 2005.