UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANICE MARCELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 04-30217 MAP |
| | ) | |
| BANKNORTH, N.A., | ) | |
| MASSACHUSETTS, DONA BECK, | ) | |
| GAIL HAMEL and DAVID CLARK,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT GAIL HAMEL'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT[2]

Defendant Gail Hamel ("Ms. Hamel") answers the Complaint of Plaintiff Janice Marcella as follows:

### Jurisdiction

1.     Ms. Hamel admits that the Court has jurisdiction over this action.

### Venue

2.     Ms. Hamel admits that venue in this judicial district is proper.

### Parties

3.     Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 3.

---

[1] The proper corporate defendant is TD Banknorth, N.A., which was formerly known as Banknorth, N.A., and which is improperly named in the caption as Banknorth, N.A., Massachusetts.

[2] On or about May 2, 2005, the Court dismissed two (2) of the eight (8) Counts in Plaintiff's Complaint:  age discrimination against Defendants Dona Beck, Gail Hamel and David Clark; and violation of the Massachusetts Equal Pay Act against Defendant Banknorth, N.A.

4.      Ms. Hamel admits that TD Banknorth, N.A. ("TD Banknorth"), which was formerly known as Banknorth, N.A. ("Banknorth"), and was improperly named in Plaintiff's Complaint as Banknorth, N.A., Massachusetts, is a national bank doing business in the Commonwealth of Massachusetts with a usual place of business at 99 West Street, Pittsfield, Berkshire County, Massachusetts. Ms. Hamel denies the remaining allegations in Paragraph 4.

5.      Ms. Hamel admits that Dona Beck ("Ms. Beck") is an individual who resides in the State of New York and that Ms. Beck was the Regional Vice President for Banknorth N.A.'s ("Banknorth") Berkshires region at the time Plaintiff resigned her employment with Banknorth. Ms. Hamel denies the remaining allegations in Paragraph 5.

6.      Ms. Hamel admits that she is an individual residing in the State of New York and that she was Banknorth's Vice President and Human Resources Representative for Banknorth's Berkshires region at the time Plaintiff resigned her employment with Banknorth. Ms. Hamel denies the remaining allegations in Paragraph 6.

7.      Ms. Hamel admits that David Clark ("Mr. Clark") is an individual who resides in the Commonwealth of Massachusetts and that Mr. Clark was the Branch Manager[3] for Banknorth's branch office at 99 West Street, Pittsfield, Massachusetts (hereinafter referred to as the "99 West Street branch office") at the time Plaintiff resigned her employment from Banknorth. Ms. Hamel denies the remaining allegations in Paragraph 7.

## General Allegations

8.      Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 8.

---

[3] The proper title for this position is Business Development and Sales Manager.

9.      Ms. Hamel admits that BankBoston hired Plaintiff on or about January 14, 1987, that Banknorth acquired the 99 West Street branch office, and that thereafter Plaintiff worked for Banknorth until she resigned her employment in or about January, 2002. Ms. Hamel denies the remaining allegations in Paragraph 9.

10.     Ms. Hamel admits that Plaintiff had been employed by BankBoston at its Pittsfield, Massachusetts branch office, that Plaintiff became employed by Banknorth when Banknorth acquired the 99 West Street branch office, and that Plaintiff continued to work at the 99 West Street branch office until in or about January, 2002.  Ms. Hamel denies the remaining allegations in Paragraph 10.

11.     Ms. Hamel admits that Plaintiff performed a variety of jobs while she was employed by Banknorth.  Ms. Hamel denies the remaining allegations in Paragraph 11.

12.     Ms. Hamel admits that Banknorth's 99 West Street branch office is one of Banknorth's larger branch offices in the Berkshires region.  Ms. Hamel denies the remaining allegations in Paragraph 12.

13.     Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 13.

14.     Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 14.

15.     Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 15.

16.     Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 16.

17.     Ms. Hamel denies the allegations in Paragraph 17.

18.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 18.

19.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 19.

20.    Ms. Hamel admits that Lisa Reynolds was the Branch Supervisor of Defendant's 99 West Street branch office from on or about June 4, 2000 until on or about August 12, 2003, and that at the time she assumed the position, Ms. Reynolds was approximately twenty-eight (28) years old.  Ms. Hamel denies the remaining allegations in Paragraph 20.

21.    Ms. Hamel admits that Mr. Clark replaced Joel Scussel as Branch Manager of Banknorth's 99 West Street branch office.  Ms. Hamel denies the remaining allegations in Paragraph 21.

22.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 22.

23.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 23.

24.    Ms. Hamel admits the allegations in Paragraph 24.

25.    Ms. Hamel admits the allegations in Paragraph 25.

26.    Ms. Hamel admits that Plaintiff had three (3) interviews in regard to the 99 West Street branch office Assistant Branch Manager[4] position:  the first interview with Ms. Hamel, the Vice President and Human Resources Representative for Banknorth's Berkshires region; the second interview with Mr. Clark, the Branch Manager for Banknorth's 99 West Street branch office; and the

---

[4] The proper title for this position is Customer Sales and Service Manager.

third interview with Ms. Beck, Banknorth's Regional Vice President for the Berkshires region.  Ms. Hamel denies the remaining allegations in Paragraph 26.

27.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 27.

28.    Ms. Hamel denies the allegations in Paragraph 28.

29.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 29.

30.    Ms. Hamel admits that, pursuant to Banknorth's policy, "employees may apply for one internal position at a time."  Ms. Hamel denies the remaining allegations in Paragraph 30.

31.    Ms. Hamel states, that, to the extent that the allegations in Paragraph 31 seek to characterize a written document, the document speaks for itself.

32.    Ms. Hamel admits that an external applicant named "Jennifer" applied for the Assistant Branch Manager position at Banknorth's 99 West Street branch office, which position was posted by Banknorth on or about November 16, 2001.  Ms. Hamel denies the remaining allegations in Paragraph 32.

33.    Ms. Hamel admits the allegations in Paragraph 33.

34.    Ms. Hamel admits the allegations in Paragraph 34.

35.    Ms. Hamel admits that at the time Robin Sabato ("Ms. Sabato") applied for the Assistant Branch Manager position, Ms. Sabato was forty-two (42) years old, and thus, Ms. Sabato was approximately twelve years younger than Plaintiff.

36.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 36.

37.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 37.

38.    Ms. Hamel states, that, to the extent that the allegations in Paragraph 38 seek to characterize a written document, the document speaks for itself.

39.    Paragraph 39 contains legal averments to which no response is required.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 39.

40.    Ms. Hamel admits that Banknorth offered the Float Assistant Manager[5] position to an external candidate who was thirty-two (32) years of age.  Ms. Hamel denies the remaining allegations in Paragraph 40.

41.    Ms. Hamel admits that at the time Plaintiff resigned her employment from Banknorth, Banknorth paid Gary Houghtaling ("Mr. Houghtaling") at least $2.00 an hour more than Plaintiff.

42.    Ms. Hamel admits that Plaintiff had more years of banking experience than Mr. Houghtaling.  Ms. Hamel is without knowledge or information sufficient to form a belief as to whether Plaintiff trained and/or mentored Mr. Houghtaling at Banknorth's 99 West Street branch office, and therefore denies same.  Ms. Hamel denies the remaining allegations in Paragraph 42.

43.    Paragraph 43 contains legal averments to which no response is required.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 43.

44.    Paragraph 44 contains legal averments to which no response is required.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 44.

---

[5] The proper title for this position is Customer Sales and Service Manager Pool.

45.     Paragraph 45 contains legal averments to which no response is required.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 45.

46.     Paragraph 46 contains legal averments to which no response is required.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 46.

47.     Ms. Hamel admits that, at the time Plaintiff was employed by Banknorth, Banknorth employed more than fifteen (15) employees.

48.     Paragraph 48 contains legal averments to which no response is required.

49.     Ms. Hamel states, that, to the extent that the allegations in Paragraph 49 seek to characterize a written document, the document speaks for itself.

## COUNT I
### Violation of the ADEA
(Against Banknorth only)

50.     Ms. Hamel repeats her answers to Paragraphs 1 through 49 as if set forth fully herein.

51.     Paragraph 51 contains legal averments to which no response is needed.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 51.

## COUNT II
### Violation of M.G.L. c. 151B – Age Discrimination
(Against Banknorth only)

52.     Ms. Hamel repeats her answers to Paragraphs 1 through 51 as if set forth fully herein.

53.     Paragraph 53 contains legal averments to which no response is needed.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 53.

## COUNT IV

### Discrimination Based On Sex – Violation of the Federal Equal Pay Act
(Against Banknorth only)

57.    Ms. Hamel repeats her answers to Paragraphs 1 through 53 as if set forth fully herein.[6]

58.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 58.

59.    Paragraph 59 contains legal averments to which no response is needed.  To the extent that a response is required, Ms. Hamel is without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 59.

## COUNT VI
### Intentional Interference With Contractual Relations
(Against Defendants Beck, Hamel and Clark Only)

63.    Ms. Hamel repeats her answers to Paragraphs 1 through 53 and Paragraphs 57 through 59 as if set forth fully herein.

64.    Ms. Hamel denies the allegations in Paragraph 64.

65.    Ms. Hamel denies the allegations in Paragraph 65.

66.    Ms. Hamel denies the allegations in Paragraph 66.

67.    Ms. Hamel denies the allegations in Paragraph 67.

---

[6] Ms. Hamel has maintained the same paragraph numbers as set forth in the Complaint, but has not answered Counts III and V, which were dismissed by the Court.

## COUNT VII
**Civil Conspiracy**
(Against Defendants Beck, Hamel and Clark Only)

68.    Ms. Hamel repeats her answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 67 as if set forth fully herein.

69.    Ms. Hamel denies the allegations in Paragraph 69.

70.    Ms. Hamel denies the allegations in Paragraph 70.

71.    Ms. Hamel denies the allegations in Paragraph 71.

72.    Ms. Hamel denies the allegations in Paragraph 72.

## COUNT VIII
**Misrepresentation**
(Against Banknorth Only)

73.    Ms. Hamel repeats her answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 72 as if set forth fully herein.

74.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 74.

75.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 75.

## COUNT IX
**Promissory Estoppel**
(Against Banknorth Only)

76.    Ms. Hamel repeats her answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 75 as if set forth fully herein.

77.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 77.

78.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 78.

79.    Ms. Hamel is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 79.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

All allegations in the Complaint not specifically admitted are hereby denied.

### Second Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiff fails to state a *prima facie* case under M.G.L. c. 151B.

### Fourth Affirmative Defense

Any actions with respect to Plaintiff's employment resulted from legitimate, non-discriminatory business decisions.

### Fifth Affirmative Defense

Plaintiff is unable to prove that Defendants' legitimate, non-discriminatory business decisions are a pretext for discrimination.

### Sixth Affirmative Defense

Plaintiff's alleged reliance on Defendants' words or conduct was not reasonable.

### Seventh Affirmative Defense

Plaintiff did not have a contract of employment with Banknorth.

### Eighth Affirmative Defense

Some or all of the damages claimed by Plaintiff are not recoverable as a matter of law.

### Ninth Affirmative Defense

Some or all of the claims are barred by the applicable statute of limitations.

### Tenth Affirmative Defense

If Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by Plaintiff's own actions and/or omissions.

### Eleventh Affirmative Defense

Plaintiff's claims are barred or limited by her failure to mitigate her damages, if any.

### Twelfth Affirmative Defense

Ms. Hamel reserves the right to file such additional defenses and actions as may be appropriate.

WHEREFORE, Ms. Hamel denies that Plaintiff is entitled to the relief demanded in the Complaint or any other relief. Accordingly, Ms. Hamel respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment for Ms. Hamel, and award Ms. Hamel her reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

Respectfully submitted,

GAIL HAMEL

By her attorneys,

Sara Goldsmith Schwartz (BBO #558972)
Shelley A. Costantino (BBO #640651)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA  01810
(978) 623-0900

11

Dated: May 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, I served a copy of the foregoing document on the Plaintiff, by mailing a copy thereof on that date by first-class mail, postage prepaid to:

Richard A. Mulhearn, Esq.
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA  01609

Shelley A. Costantino

Dated: May 23, 2005

Answer.Hamel