UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE MARCELLA,<br><br>Plaintiff,<br><br>v.<br><br>BANKNORTH, N.A.,<br>MASSACHUSETTS, DONA BECK,<br>GAIL HAMEL and DAVID CLARK,<br><br>Defendants. | Docket No. 04-30217 MAP |

## TD BANKNORTH, N.A.'S ANSWER
## AND AFFIRMATIVE DEFENSES TO THE COMPLAINT[1]

TD Banknorth, N.A. ("TD Banknorth")[2], answers the Complaint of Plaintiff Janice Marcella as follows:

### Jurisdiction

1. TD Banknorth admits that the Court has jurisdiction over this action.

### Venue

2. TD Banknorth admits that venue in this judicial district is proper.

### Parties

3. TD Banknorth is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 3.

---

[1] On or about May 2, 2005, the Court dismissed two (2) of the eight (8) Counts in Plaintiff's Complaint: age discrimination against Defendants Dona Beck, Gail Hamel and David Clark; and violation of the Massachusetts Equal Pay Act against Defendant Banknorth.

[2] The Answer is submitted on behalf of TD Banknorth, N.A., which was formerly known as Banknorth, N.A., and which is improperly named in the caption as Banknorth, N.A., Massachusetts.

4.  TD Banknorth admits that it was formerly known as Banknorth, N.A. ("Banknorth"), which was improperly named in Plaintiff's Complaint as Banknorth, N.A., Massachusetts, and that TD Banknorth is a national bank doing business in the Commonwealth of Massachusetts with a usual place of business at 99 West Street, Pittsfield, Berkshire County, Massachusetts. TD Banknorth denies the remaining allegations in Paragraph 4.

5.  TD Banknorth admits that Dona Beck ("Ms. Beck") is an individual who resides in the State of New York and that Ms. Beck was the Regional Vice President for Banknorth's Berkshires region at the time Plaintiff resigned her employment with Banknorth. TD Banknorth denies the remaining allegations in Paragraph 5.

6.  TD Banknorth admits that Gail Hamel ("Ms. Hamel") is an individual residing in the State of New York and that Ms. Hamel was Banknorth's Vice President and Human Resources Representative for Banknorth's Berkshires region at the time Plaintiff resigned her employment with Banknorth. TD Banknorth denies the remaining allegations in Paragraph 6.

7.  TD Banknorth admits that David Clark ("Mr. Clark") is an individual who resides in the Commonwealth of Massachusetts and that Mr. Clark was the Branch Manager[3] for Banknorth's branch office at 99 West Street, Pittsfield, Massachusetts (hereinafter referred to as the "99 West Street branch office") at the time Plaintiff resigned her employment with Banknorth. TD Banknorth denies the remaining allegations in Paragraph 7.

## General Allegations

8.  TD Banknorth is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 8.

---

[3] The proper title for this position is Business Development and Sales Manager.

9. TD Banknorth admits that BankBoston hired Plaintiff on or about January 14, 1987, that Banknorth acquired the 99 West Street branch office, and that thereafter Plaintiff worked for Banknorth until she resigned her employment in or about January, 2002. TD Banknorth denies the remaining allegations in Paragraph 9.

10. TD Banknorth admits that Plaintiff had been employed by BankBoston at its Pittsfield, Massachusetts branch office, that Plaintiff became employed by Banknorth when Banknorth acquired the 99 West Street branch office, and that Plaintiff continued to work at the 99 West Street branch office until in or about January, 2002. TD Banknorth denies the remaining allegations in Paragraph 10.

11. TD Banknorth admits that Plaintiff performed a variety of jobs while she was employed by Banknorth. TD Banknorth denies the remaining allegations in Paragraph 11.

12. TD Banknorth admits that TD Banknorth's 99 West Street branch office is one of TD Banknorth's larger branch offices in the Berkshires region. TD Banknorth denies the remaining allegations in Paragraph 12.

13. To the extent that Paragraph 13 includes only the phrase: "When Banknorth acquired the Pittsfield branch, it did not staff it with an Assistant", TD Banknorth admits that when Banknorth acquired the 99 West Street branch office, Banknorth did not staff the branch with an Assistant Branch Manager.

14. TD Banknorth denies the allegations in Paragraph 14.

15. TD Banknorth denies the allegations in Paragraph 15.

16. TD Banknorth denies the allegations in Paragraph 16.

17. TD Banknorth denies the allegations in Paragraph 17.

18. TD Banknorth denies the allegations in Paragraph 18.

19. TD Banknorth denies the allegations in Paragraph 19.

20. TD Banknorth admits that from on or about June 4, 2000 to on or about August 12, 2003, Lisa Reynolds ("Ms. Reynolds") was the Branch Supervisor of Banknorth's 99 West Street branch office, and that, at the time, Ms. Reynolds was approximately twenty-eight (28) years old at the time she assumed the position. TD Banknorth denies the remaining allegations in Paragraph 20.

21. TD Banknorth admits that Mr. Clark replaced Joel Scussel as Branch Manager of Banknorth's 99 West Street branch office. TD Banknorth denies the remaining the allegations in Paragraph 21.

22. TD Banknorth denies the allegations in Paragraph 22.

23. TD Banknorth denies the allegations in Paragraph 23.

24. TD Banknorth admits the allegations in Paragraph 24.

25. TD Banknorth admits the allegations in Paragraph 25.

26. TD Banknorth admits that Plaintiff had three (3) interviews in regard to the 99 West Street branch office Assistant Branch Manager[4] position: the first interview with Ms. Hamel, Banknorth's Vice President and Human Resources Representative for Banknorth's Berkshires region; the second interview with Mr. Clark, the Branch Manager for Banknorth's 99 West Street branch office; and the third interview with Ms. Beck, Banknorth's Regional Vice President for the Berkshires region. TD Banknorth denies the remaining allegations in Paragraph 26.

27. TD Banknorth admits that, shortly after Plaintiff applied for the Assistant Branch Manager position, Mr. Clark informed Plaintiff that she was the only internal applicant for the position. TD Banknorth denies the remaining allegations in Paragraph 27.

28. TD Banknorth denies the allegations in Paragraph 28.

---

[4] The proper title for this position is Customer Sales and Service Manager.

4

29. TD Banknorth is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 29.

30. TD Banknorth admits that, pursuant to TD Banknorth's policy, "employees may apply for one internal position at a time." TD Banknorth denies the remaining allegations in Paragraph 30.

31. TD Banknorth states, that, to the extent that the allegations in Paragraph 31 seek to characterize a written document, the document speaks for itself. To the extent that a response is required, TD Banknorth denies the allegations in Paragraph 31.

32. TD Banknorth admits that an external applicant named "Jennifer" applied for the Assistant Branch Manager position at Banknorth's 99 West Street branch office, which position was posted by Banknorth on or about November 16, 2001. TD Banknorth denies the remaining allegations in Paragraph 32.

33. TD Banknorth admits the allegations in Paragraph 33.

34. TD Banknorth admits the allegations in Paragraph 34.

35. TD Banknorth admits that at the time Robin Sabato ("Ms. Sabato") applied for the Assistant Branch Manager position, she was forty-two (42) years old, and thus, Ms. Sabato was approximately twelve years younger than Plaintiff.

36. TD Banknorth admits that on or about January 12, 2002, Mr. Clark informed Plaintiff that Banknorth had offered the Assistant Branch Manager position to Ms. Sabato.

37. TD Banknorth denies the allegations in Paragraph 37.

38. TD Banknorth states, that, to the extent that the allegations in Paragraph 38 seek to characterize a written document, the document speaks for itself. To the extent that a response is required, TD Banknorth denies the allegations in Paragraph 38.

39.     Paragraph 39 contains legal averments to which no response is required. To the extent that a response is required, TD Banknorth denies the allegations in Paragraph 39.

40.     TD Banknorth admits that Banknorth offered the Float Assistant Manager[5] position to an external candidate who was thirty-two (32) years of age. TD Banknorth denies the remaining allegations in Paragraph 40.

41.     TD Banknorth admits that at the time Plaintiff resigned her employment from Banknorth, Banknorth paid Gary Houghtaling ("Mr. Houghtaling") at least $2.00 an hour more than Plaintiff.

42.     TD Banknorth admits that Plaintiff had more years of banking experience than Mr. Houghtaling. TD Banknorth denies the remaining allegations in Paragraph 42.

43.     Paragraph 43 contains legal averments to which no response is required. To the extent that a response is required, TD Banknorth denies the allegations in Paragraph 43.

44.     Paragraph 44 contains legal averments to which no response is required. To the extent that a response is required, TD Banknorth denies the allegations in Paragraph 44.

45.     Paragraph 45 contains legal averments to which no response is required. To the extent that a response is required, TD Banknorth denies the allegations in Paragraph 45.

46.     Paragraph 46 contains legal averments to which no response is required. To the extent that a response is required, TD Banknorth denies the allegations in Paragraph 46.

47.     TD Banknorth admits that, at the time Plaintiff was employed by Banknorth, Banknorth employed more than fifteen (15) employees.

48.     Paragraph 48 contains legal averments to which no response is required.

---

[5] The proper title for this position is Customer Sales and Service Manager Pool.

49.     TD Banknorth states, that, to the extent that the allegations in Paragraph 49 seek to characterize a written document, the document speaks for itself.

## COUNT I
### Violation of the ADEA
(Against Banknorth only)

50.     TD Banknorth repeats its answers to Paragraphs 1 through 49 as if set forth fully herein.

51.     Paragraph 51 contains legal averments to which no response is needed.

## COUNT II
### Violation of M.G.L. c. 151B – Age Discrimination
(Against Banknorth only)

52.     TD Banknorth repeats its answers to Paragraphs 1 through 51 as if set forth fully herein.

53.     Paragraph 53 contains legal averments to which no response is needed.

## COUNT IV

### Discrimination Based On Sex – Violation of the Federal Equal Pay Act
(Against Banknorth only)

57.     TD Banknorth repeats its answers to Paragraphs 1 through 53 as if set forth fully herein.[6]

58.     TD Banknorth denies the allegations in Paragraph 58.

59.     Paragraph 59 contains legal averments to which no response is needed.

## COUNT VI
### Intentional Interference With Contractual Relations
(Against Defendants Beck, Hamel and Clark Only)

63.     TD Banknorth repeats its answers to Paragraphs 1 through 53 and Paragraphs 57 through 59 as if set forth fully herein.

---

[6] TD Banknorth has maintained the same paragraph numbers as set forth in the Complaint, but has not answered Counts III and V, which were dismissed by the Court.

7

64. TD Banknorth denies the allegations in Paragraph 64.

65. TD Banknorth denies the allegations in Paragraph 65.

66. TD Banknorth denies the allegations in Paragraph 66.

67. TD Banknorth denies the allegations in Paragraph 67.

## COUNT VII
### Civil Conspiracy
(Against Defendants Beck, Hamel and Clark Only)

68. TD Banknorth repeats its answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 67 as if set forth fully herein.

69. TD Banknorth denies the allegations in Paragraph 69.

70. TD Banknorth denies the allegations in Paragraph 70.

71. TD Banknorth denies the allegations in Paragraph 71.

72. TD Banknorth denies the allegations in Paragraph 72.

## COUNT VIII
### Misrepresentation
(Against Banknorth Only)

73. TD Banknorth repeats its answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 72 as if set forth fully herein.

74. TD Banknorth denies the allegations in Paragraph 74.

75. TD Banknorth denies the allegations in Paragraph 75.

## COUNT IX
### Promissory Estoppel
(Against Banknorth Only)

76. TD Banknorth repeats its answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 75 as if set forth fully herein.

77. TD Banknorth denies the allegations in Paragraph 77.

78. TD Banknorth denies the allegations in Paragraph 78.

79. TD Banknorth denies the allegations in Paragraph 79.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

All allegations in the Complaint not specifically admitted are hereby denied.

### Second Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiff fails to state a *prima facie* case under M.G.L. c. 151B.

### Fourth Affirmative Defense

Any actions with respect to Plaintiff's employment resulted from legitimate, non-discriminatory business decisions.

### Fifth Affirmative Defense

Plaintiff is unable to prove that TD Banknorth's legitimate, non-discriminatory business decisions are a pretext for discrimination.

### Sixth Affirmative Defense

Plaintiff's alleged reliance on TD Banknorth's words or conduct was not reasonable.

### Seventh Affirmative Defense

Plaintiff did not have a contract of employment with TD Banknorth.

### Eighth Affirmative Defense

Some or all of the damages claimed by Plaintiff are not recoverable as a matter of law.

<u>Ninth Affirmative Defense</u>

Some or all of the claims are barred by the applicable statute of limitations.

<u>Tenth Affirmative Defense</u>

If Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by Plaintiff's own actions and/or omissions.

<u>Eleventh Affirmative Defense</u>

Plaintiff's claims are barred or limited by her failure to mitigate her damages, if any.

<u>Twelfth Affirmative Defense</u>

Plaintiff's claims for recovery of liquidated damages are precluded because even if any employee engaged in the actions alleged in the Complaint, which TD Banknorth denies, such actions were contrary to TD Banknorth's good faith efforts to comply with the Age Discrimination in Employment Act, Massachusetts General Law Chapter 151B, the Federal Equal Pay Act and any other statutes applicable to this case.

<u>Thirteenth Affirmative Defense</u>

TD Banknorth reserves the right to file such additional defenses and actions as may be appropriate.

WHEREFORE, TD Banknorth denies that Plaintiff is entitled to the relief demanded in the Complaint or any other relief. Accordingly, TD Banknorth respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment for TD Banknorth, and award TD Banknorth its reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

       Respectfully submitted,

       TD BANKNORTH, N.A.

       By its attorneys,

       */s/ Shelley A. Costantino*
       Sara Goldsmith Schwartz (BBO #558972)
       Shelley A. Costantino (BBO #640651)
       SCHWARTZ HANNUM PC
       11 Chestnut Street
       Andover, MA 01810
       (978) 623-0900

Dated: May 23, 2005

Answer.Banknorth

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, I served a copy of the foregoing document on the Plaintiff, by mailing a copy thereof on that date by first-class mail, postage prepaid, to:

>Richard A. Mulhearn, Esq.
>Law Offices of Richard A. Mulhearn
>41 Elm Street
>Worcester, MA 01609

/s/ Shelley A. Costantino
Shelley A. Costantino