UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE MARCELLA,<br><br>      Plaintiff,<br><br>v.<br><br>BANKNORTH, N.A.,<br>MASSACHUSETTS, DONA BECK,<br>GAIL HAMEL and DAVID CLARK,[1]<br><br>      Defendants. | Docket No. 04-30217 MAP |

## DEFENDANT DAVID CLARK'S ANSWER
## AND AFFIRMATIVE DEFENSES TO THE COMPLAINT[2]

Defendant David Clark ("Mr. Clark") answers the Complaint of Plaintiff Janice Marcella as follows:

### Jurisdiction

1. Mr. Clark admits that the Court has jurisdiction over this action.

### Venue

2. Mr. Clark admits that venue in this judicial district is proper.

### Parties

3. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 3.

---

[1] The proper corporate defendant is TD Banknorth, N.A., which was formerly known as Banknorth, N.A., and which is improperly named in the caption as Banknorth, N.A., Massachusetts.

[2] On or about May 2, 2005, the Court dismissed two (2) of the eight (8) Counts in Plaintiff's Complaint: age discrimination against Defendants Dona Beck, Gail Hamel and David Clark; and violation of the Massachusetts Equal Pay Act against Defendant Banknorth, N.A.

4. Mr. Clark admits that TD Banknorth, N.A. ("TD Banknorth"), which was formerly known as Banknorth, N.A. ("Banknorth"), and was improperly named in Plaintiff's Complaint as Banknorth, N.A., Massachusetts, is a national bank doing business in the Commonwealth of Massachusetts with a usual place of business at 99 West Street, Pittsfield, Berkshire County, Massachusetts. Mr. Clark denies the remaining allegations in Paragraph 4.

5. Mr. Clark admits that Dona Beck ("Ms. Beck") is an individual who resides in the State of New York and that Ms. Beck was the Regional Vice President for Banknorth N.A.'s ("Banknorth") Berkshires region at the time Plaintiff resigned her employment with Banknorth. Mr. Clark denies the remaining allegations in Paragraph 5.

6. Mr. Clark admits that Gail Hamel ("Ms. Hamel") is an individual residing in the State of New York and that Ms. Hamel was Banknorth's Vice President and Human Resources Representative for Banknorth's Berkshires region at the time Plaintiff resigned her employment with Banknorth. Mr. Clark denies the remaining allegations in Paragraph 6.

7. Mr. Clark admits that he is an individual who resides in the Commonwealth of Massachusetts and that he was the Branch Manager[3] for Banknorth's branch office at 99 West Street, Pittsfield, Massachusetts (hereinafter referred to as the "99 West Street branch office") at the time Plaintiff resigned her employment from Banknorth. Mr. Clark denies the remaining allegations in Paragraph 7.

## General Allegations

8. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 8.

---

[3] The proper title for this position is Business Development and Sales Manager.

2

9. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 9.

10. Mr. Clark admits that Plaintiff worked at the 99 West Street branch office until Plaintiff resigned her employment in or about January, 2002. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in Paragraph 10.

11. Mr. Clark admits that Plaintiff performed a variety of jobs while she was employed by Banknorth. Mr. Clark denies the remaining allegations in Paragraph 11.

12. Mr. Clark admits that Banknorth's 99 West Street branch office is one of Banknorth's larger branch offices in the Berkshires region. Mr. Clark denies the remaining allegations in Paragraph 12.

13. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 13.

14. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 14.

15. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 15.

16. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 16.

17. Mr. Clark denies the allegations in Paragraph 17.

18. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 18.

19. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 19.

20. Mr. Clark admits that Lisa Reynolds was the Branch Supervisor of Banknorth's 99 West Street branch office from on or about June 4, 2000 until on or about August 12, 2003, and that at the time she assumed the position, Ms. Reynolds was approximately twenty-eight (28) years old. Mr. Clark denies the remaining allegations in Paragraph 20.

21. Mr. Clark admits that he replaced Joel Scussel as Branch Manager of Banknorth's 99 West Street branch office. Mr. Clark denies the remaining allegations in Paragraph 21.

22. Mr. Clark denies the allegations in Paragraph 22.

23. Mr. Clark denies the allegations in Paragraph 23.

24. Mr. Clark admits the allegations in Paragraph 24.

25. Mr. Clark admits the allegations in Paragraph 25.

26. Mr. Clark admits that Plaintiff had three (3) interviews in regard to the 99 West Street branch office Assistant Branch Manager[4] position: the first interview with Ms. Hamel, the Vice President and Human Resources Representative for Banknorth's Berkshires region; the second interview with Mr. Clark, the Branch Manager for Banknorth's 99 West Street branch office; and the third interview with Ms. Beck, Banknorth's Regional Vice President for the Berkshires region. Mr. Clark denies the remaining allegations in Paragraph 26.

27. Mr. Clark admits that, shortly after Plaintiff applied for the Assistant Branch Manager position, Mr. Clark informed Plaintiff that she was the only internal applicant for the position. Mr. Clark denies the remaining allegations in Paragraph 27.

28. Mr. Clark denies the allegations in Paragraph 28.

---

[4] The proper title for this position is Customer Sales and Service Manager.

4

29.     Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 29.

30.     Mr. Clark admits that, pursuant to Banknorth's policy, "employees may apply for one internal position at a time." Mr. Clark denies the remaining allegations in Paragraph 30.

31.     Mr. Clark states, that, to the extent that the allegations in Paragraph 31 seek to characterize a written document, the document speaks for itself. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 31.

32.     Mr. Clark admits that an external applicant named "Jennifer" applied for the Assistant Branch Manager position at Banknorth's 99 West Street branch office, which position was posted by Banknorth on or about November 16, 2001. Mr. Clark denies the remaining allegations in Paragraph 32.

33.     Mr. Clark admits the allegations in Paragraph 33.

34.     Mr. Clark admits the allegations in Paragraph 34.

35.     Mr. Clark admits that at the time Robin Sabato ("Ms. Sabato") applied for the Assistant Branch Manager position, Ms. Sabato was forty-two (42) years old, and thus, Ms. Sabato was approximately twelve years younger than Plaintiff.

36.     Mr. Clark admits that on or about January 12, 2002, Mr. Clark informed Plaintiff that Banknorth had offered the Assistant Branch Manager position to Ms. Sabato.

37.     Mr. Clark denies the allegations in Paragraph 37.

38.     Mr. Clark states, that, to the extent that the allegations in Paragraph 38 seek to characterize a written document, the document speaks for itself.

39. Paragraph 39 contains legal averments to which no response is required. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 39.

40. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 40.

41. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 41.

42. Mr. Clark admits that Plaintiff had more years of banking experience than Gary Houghtailing. Mr. Clark denies the remaining allegations in Paragraph 42.

43. Paragraph 43 contains legal averments to which no response is required. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 43.

44. Paragraph 44 contains legal averments to which no response is required. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 44.

45. Paragraph 45 contains legal averments to which no response is required. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 45.

46. Paragraph 46 contains legal averments to which no response is required. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 46.

47. Mr. Clark admits that, at the time Plaintiff was employed by Banknorth, Banknorth employed more than fifteen (15) employees.

48. Paragraph 48 contains legal averments to which no response is required.

49. Mr. Clark states, that, to the extent that the allegations in Paragraph 49 seek to characterize a written document, the document speaks for itself.

## COUNT I
## Violation of the ADEA
(Against Banknorth only)

50. Mr. Clark repeats his answers to Paragraphs 1 through 49 as if set forth fully herein.

51. Paragraph 51 contains legal averments to which no response is needed. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 51.

## COUNT II
## Violation of M.G.L. c. 151B – Age Discrimination
(Against Banknorth only)

52. Mr. Clark repeats his answers to Paragraphs 1 through 51 as if set forth fully herein.

53. Paragraph 53 contains legal averments to which no response is needed. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 53.

## COUNT IV
## Discrimination Based On Sex – Violation of the Federal Equal Pay Act
(Against Banknorth only)

57. Mr. Clark repeats his answers to Paragraphs 1 through 53 as if set forth fully herein.[5]

58. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 58.

---

[5] Mr. Clark has maintained the same paragraph numbers as set forth in the Complaint, but has not answered Counts III and V, which were dismissed by the Court.

59. Paragraph 59 contains legal averments to which no response is needed. To the extent that a response is required, Mr. Clark is without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 59.

## COUNT VI
### Intentional Interference With Contractual Relations
(Against Defendants Beck, Hamel and Clark Only)

63. Mr. Clark repeats his answers to Paragraphs 1 through 53 and Paragraphs 57 through 59 as if set forth fully herein.

64. Mr. Clark denies the allegations in Paragraph 64.

65. Mr. Clark denies the allegations in Paragraph 65.

66. Mr. Clark denies the allegations in Paragraph 66.

67. Mr. Clark denies the allegations in Paragraph 67.

## COUNT VII
### Civil Conspiracy
(Against Defendants Beck, Hamel and Clark Only)

68. Mr. Clark repeats his answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 67 as if set forth fully herein.

69. Mr. Clark denies the allegations in Paragraph 69.

70. Mr. Clark denies the allegations in Paragraph 70.

71. Mr. Clark denies the allegations in Paragraph 71.

72. Mr. Clark denies the allegations in Paragraph 72.

## COUNT VIII
### Misrepresentation
(Against Banknorth Only)

73. Mr. Clark repeats his answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 72 as if set forth fully herein.

74. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 74.

75. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 75.

**COUNT IX**
**Promissory Estoppel**
(Against Banknorth Only)

76. Mr. Clark repeats his answers to Paragraphs 1 through 53, Paragraphs 57 through 59 and Paragraphs 63 through 75 as if set forth fully herein.

77. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 77.

78. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 78.

79. Mr. Clark is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in Paragraph 79.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

All allegations in the Complaint not specifically admitted are hereby denied.

Second Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

Third Affirmative Defense

Plaintiff fails to state a *prima facie* case under M.G.L. c. 151B.

Fourth Affirmative Defense

Any actions with respect to Plaintiff's employment resulted from legitimate, non-

discriminatory business decisions.

### Fifth Affirmative Defense

Plaintiff is unable to prove that Defendants' legitimate, non-discriminatory business decisions are a pretext for discrimination.

### Sixth Affirmative Defense

Plaintiff's alleged reliance on Defendants' words or conduct was not reasonable.

### Seventh Affirmative Defense

Plaintiff did not have a contract of employment with Banknorth.

### Eighth Affirmative Defense

Some or all of the damages claimed by Plaintiff are not recoverable as a matter of law.

### Ninth Affirmative Defense

Some or all of the claims are barred by the applicable statute of limitations.

### Tenth Affirmative Defense

If Plaintiff sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by Plaintiff's own actions and/or omissions.

### Eleventh Affirmative Defense

Plaintiff's claims are barred or limited by her failure to mitigate her damages, if any.

### Twelfth Affirmative Defense

Mr. Clark reserves the right to file such additional defenses and actions as may be appropriate.

WHEREFORE, Mr. Clark denies that Plaintiff is entitled to the relief demanded in the Complaint or any other relief. Accordingly, Mr. Clark respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment for Mr. Clark, and award Mr. Clark his reasonable attorneys' fees, costs, and any such further relief this Court deems just and proper.

Respectfully submitted,

DAVID CLARK

By his attorneys,

*/s/ Shelley A. Costa*
Sara Goldsmith Schwartz (BBO #558972)
Shelley A. Costantino (BBO #640651)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA  01810
(978) 623-0900

Dated: May 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, I served a copy of the foregoing document on the Plaintiff, by mailing a copy thereof on that date by first-class mail, postage prepaid to:

Richard A. Mulhearn, Esq.
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA  01609

*/s/ Shelley A. Costant*
Shelley A. Costantino

Dated: May 23, 2005

Answer.Clark