UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE MARCELLA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANKNORTH, N.A.[1], )<br>MASSACHUSETTS, DONA BECK, )<br>GAIL HAMEL and DAVID CLARK, )<br>)<br>Defendants. )<br>) | Docket No. 04-30217 MAP |

**OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND
DEADLINE FOR SERVING WRITTEN DISCOVERY REQUESTS**

## I. Introduction

Defendants TD Banknorth, N.A. ("TD Banknorth"), Dona Beck, Gail Hamel and David Clark oppose Plaintiff's Motion to Extend Deadline For Serving Written Discovery Requests ("Plaintiff's Motion") because Plaintiff's requested extension is unnecessary, unreasonable and without good cause. Plaintiff has had several months to conduct discovery in this case, and should not be granted an extension of the discovery deadline because of her failure to conduct any written discovery in a timely manner.

## II. Factual Background

### A. Discovery Period

Pursuant to Fed. R. Civ. P. 26(d), discovery in this case commenced following the parties' Rule 26(f) conference held on May 2, 2005. Immediately thereafter, this Court issued a Pretrial Scheduling Order (the "Scheduling Order"), which specifically provides:

---

[1] The proper corporate defendant is TD Banknorth, N.A., which was formerly known as Banknorth, N.A., and which is improperly named in the caption as Banknorth, N.A., Massachusetts.

"All parties will serve interrogatories and requests for production no later than June 30, 2005."

### B. Defendants Served Initial Disclosures

On June 9, 2005, TD Banknorth served Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1) and Local Rule 26.2.

### C. Defendants Served Discovery

On June 16, 2005, TD Banknorth served interrogatory requests and requests for production of documents on Plaintiff. Defendants also served a notice of deposition for Plaintiff for July 25, 2005.

### D. Plaintiff's Request for Additional Time

On July 8, 2005, Plaintiff's counsel e-mailed Defendants' counsel to request an extension of time in which to serve written discovery requests, as well as additional time in which to respond to Defendant's interrogatory requests and requests for production of documents ("Defendants' written discovery"), which responses were due to Defendants on July 16, 2005.

In the spirit of cooperation, Defendants agreed to give Plaintiff additional time in which to answer Defendants' written discovery until July 20, 2005. However, Defendants objected to Plaintiff's request for additional time in which to serve written discovery on the basis that: (1) any such requests were barred by the Court's June 30, 2005 deadline; (2) Plaintiff had ample time in which to serve such requests prior to the June 30, 2005 deadline; and (3) Plaintiff had failed to ever serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2, as she is required to do before propounding any discovery.

2

Thereafter, Plaintiff requested additional time in which to answer Defendants' written discovery until July 29, 2005. Defendants again agreed to Plaintiff's request.

### III. Argument

#### A. Plaintiff Failed To Pursue Discovery With Due Diligence.

Plaintiff's request for a thirty (30) day extension of the discovery deadline is unnecessary, unreasonable and without good cause. Plaintiff had ample time to serve her written discovery requests prior to the Court's June 30, 2005 deadline; however, Plaintiff has failed to *ever* serve Plaintiff's Initial Disclosures or *any* written discovery. In fact, Plaintiff ignored the Court's June 30, 2005 deadline and did not contact Defendants' counsel to request an extension until eight (8) days after the deadline had expired.

#### B. Plaintiff Fails To Offer Good Cause For Extending The Deadline For Serving Written Discovery Requests.

Plaintiff's counsel asserts that he failed to serve discovery requests because he "has been effectively swamped by a number of litigation matters, including a trial, with the effect that the deadline was not met." (Plaintiff's Motion, ¶ 4.) Plaintiff's counsel's excuses should not be considered a basis for "good cause" to extend the discovery deadline, given that Plaintiff's counsel stood before this Court and agreed to the deadline, and Plaintiff received Defendants' written discovery requests, thereby receiving notice that the parties were engaged in the written discovery phase of this matter.

### IV. Conclusion

Plaintiff's request for a thirty (30) day extension of the deadline to serve written discovery requests is unnecessary and unreasonable, given that Plaintiff had ample time to serve such discovery requests prior to the close of the discovery deadline, Plaintiff failed to serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2

as she is required to do before propounding any discovery, and given that no good cause exists for serving untimely requests. Plaintiff's failure to propound discovery requests in a timely manner should not be excused by any extension of the discovery deadline. In this regard, Defendants have completed their written discovery, and Plaintiff could have done so by now if she had conducted discovery in a timely manner.

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion to Extend Deadline for Serving Written Discovery Requests and that Defendants be awarded their attorneys' fees in opposing Plaintiff's motion.

> Respectfully submitted,
>
> TDBANKNORTH, N.A., DONA BECK, GAIL HAMEL AND DAVID CLARK,
>
> By their attorneys,
>
> /s/ Shelley Costantino
> Sara Goldsmith Schwartz (BBO #558972)
> Shelley A. Costantino (BBO #640651)
> SCHWARTZ HANNUM PC
> 11 Chestnut Street
> Andover, MA 01810
> (978) 623-0900

Dated: July 18, 2005

## CERTIFICATE OF SERVICE

I, Shelley A. Costantino hereby certify that on the 18th day of July, 2005, I served a copy of the foregoing Opposition to Plaintiff's Motion to Extend Deadline for Serving Written Discovery Requests by first class mail, postage prepaid to:

>Richard A. Mulhearn, Esq.
>Law Offices of Richard A. Mulhearn
>41 Elm Street
>Worcester, MA  01609

*Shelley A. Costantino*
Shelley A. Costantino

Dated: July 18, 2005