UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JANICE MARCELLA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.  04-30217 MAP |
| | ) | |
| TD BANKNORTH, N.A., DONA | ) | |
| BECK, GAIL HAMEL and | ) | |
| DAVID CLARK, | ) | |
|     Defendants. | ) | |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### Jurisdiction

1.      Jurisdiction of this action arises under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621, et seq. and the Federal Equal Pay Act, 29 U.S.C. 206(d).

### Venue

2.      Venue is proper in this court in that this is the judicial district in which Plaintiff resides and in which the relevant events occurred.

### Parties

3.      Plaintiff Janice Marcella ("Plaintiff") is an individual residing in Dalton, Berkshire County, Massachusetts.

4.      Defendant TD Banknorth, N.A. ("Banknorth") is a corporation doing business in the Commonwealth of Massachusetts with a usual place of business at 99 West Street, Pittsfield, Berkshire County, Massachusetts.

5.      Defendant Dona Beck ('Beck") is an individual who, upon information and belief, resides in the State of New York with a usual place of business at 99 West Street, Pittsfield, Berkshire County, Massachusetts.  At times material, Beck was Banknorth's Regional Vice President.

6.      Defendant Gail Hamel ("Hamel") is an individual who, upon information and belief, resides in the State of New York.  At times material, Hamel was Banknorth's Vice President of Human Resources for the Berkshires region.

7.      Defendant David Clark ('Clark") is an individual who, upon information and belief, resides in the Commonwealth of Massachusetts.  At times material, Clark was Banknorth's Branch Manager for Banknorth's Pittsfield, Massachusetts branch.

<u>General Allegations</u>

8.      Plaintiff's year of birth is 1948.  Plaintiff is currently 56 years old.

9.      Plaintiff was employed by Banknorth for more than fifteen years.  Her date of hire was January 14, 1987.

10.      Plaintiff had previously been employed by BankBoston at its Pittsfield, Massachusetts branch.  Plaintiff became employed by Banknorth when Banknorth acquired that branch.  Plaintiff continued to work at the Pittsfield branch thereafter.

11.      During the course of her employment with Banknorth, Plaintiff held various positions and performed the duties of these positions more than satisfactorily.

12.      Banknorth's Pittsfield branch is one of its larger branch offices in Banknorth's Berkshires region. The staffing for such a branch would normally include a Branch Manager and an Assistant Branch Manager.

13.      When Banknorth acquired the Pittsfield branch, it did not staff it with an Assistant

Branch Manager.

14.    Defendant Dona Beck, Banknorth's Regional Vice President, informed Plaintiff's

Branch Manager, Joel Scussel, that she wanted Amy Dellert, a relatively young and

inexperienced employee, to be given the Assistant Branch Manager position.

15.    Mr. Scussel declined Beck's request on the basis that Plaintiff was much more

experienced and qualified than Dellert for the Assistant Branch Manager position.

16.    The Assistant Branch Manager position remained unfilled at the Pittsfield branch.

17.    Plaintiff became the de facto Assistant Branch Manager at the Pittsfield branch.

However, Plaintiff received neither the title nor the applicable compensation.

18.     Mr. Scussel often promised Plaintiff that he would make and/or work at making her

Assistant Branch Manager.

19.    In reliance of these promises, Plaintiff continued her employment at Banknorth and

continued to perform duties beyond those required by her actual position.

20.    Subsequently, Mr. Scussel made Lisa Reynolds the Branch Supervisor of the

Pittsfield branch.  Ms. Reynolds was a woman in her 20's with less experience and

qualifications than Plaintiff.

21.    Thereafter, Defendant David Clark replaced Mr. Scussel as Branch Manager of the

Pittsfield branch.

22.    Clark similarly promised Plaintiff that he would work at making Plaintiff the

Assistant Branch Manager.

23.    In reliance of these promises, Plaintiff continued her employment at Banknorth and

continued to perform duties beyond those required by her actual position.

24.    On or about November 16, 2001, Banknorth posted the job opening for Assistant

Branch Manager of the Pittsfield branch.

25.     Plaintiff applied for the Assistant Branch Manager position on or about November 19, 2001.

26     Plaintiff was informed that she would have to undergo three interviews for the position: the first with Defendant Gail Hamel, Vice President of Human Resources for the region; the second with Defendant Clark, Branch Manager; and the third with Defendant Beck, Regional Vice President.

27.     In or about mid-December 2001, Clark told Plaintiff that she was the only internal candidate to pass Hamel's telephone interview and that now they would be interviewing external candidates.

28.     The posting and interview process engaged in by Defendants was not consistent with past practice at Banknorth for selecting an Assistant Branch Manager.  Normally, the Assistant Branch Manager was selected from within the branch.

29.     In or about mid-December 2001, Plaintiff became aware that Banknorth was also hiring for a "float" Assistant Manager position that would report to Defendant Beck.

30.     Under Banknorth policy, Plaintiff was not permitted to apply for the float position at that time because she could only apply for one position at a time.

31.     On January 10, 2002, Beck sent an email to Hamel requesting Hamel to "follow up with Jennifer" if Clark chooses to offer the Assistant Branch Manager position to Robin Sabato.  Beck requested Hamel to let Jennifer know that she (Beck) would like to consider Jennifer as an applicant for another Assistant Manager position "available now."

32.     Upon information and belief, "Jennifer" was an external applicant for the Assistant Branch Manager position at the Pittsfield branch.

33.     On or about January 11, 2002, Defendants Beck, Hamel and Clark decided to offer the Assistant Branch Manager position to Robin Sabato.  Sabato accepted the offer that day.

34.      Robin Sabato was an internal Banknorth applicant for the position.

35.     Upon information and belief, Robin Sabato was 42 years old at the time, approximately 10 years younger than Plaintiff.

36.     On or about January 14, 2002, Clark informed Plaintiff that Robin Sabato was chosen as Assistant Branch Manager.

37.     Plaintiff told Clark that she was "giving her notice."  In response, Clark stated to Plaintiff, "Where are you going to go? Go home, have a glass of wine and think about it."

38.     By letter dated January 14, 2002, Plaintiff resigned from employment with Banknorth effective January 25, 2002.

39.     Plaintiff's resignation from employment was in effect a constructive discharge.

40.     Defendants offered the "float" Assistant Manager to a much younger and less qualified female who was an external applicant for the Assistant Branch Manager position at the Pittsfield branch.

41.     Banknorth paid a male co-worker of Plaintiff named Gary Houghtailing at least $2.00 an hour more than Plaintiff.

42.     Plaintiff had many more years of banking experience than Houghtailing and much more seniority at Banknorth than him.  Plaintiff had trained Houghtailing and mentored him at the Pittsfield branch.

43.     Banknorth has intentionally discriminated against Plaintiff on the basis of age and gender.

44.     Banknorth has engaged in a pattern and practice of discrimination against Plaintiff on

the basis of age during the course of her employment. The discreet acts of discrimination represent continuing violations up to and after Plaintiff's constructive discharge from employment.

45.     Defendants' acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights.

46.     Plaintiff has been injured and damaged by Defendants' acts.

47.     Banknorth at all relevant times employed more than fifteen persons.

48.     Plaintiff has complied with all statutory requirements and conditions precedent necessary to maintain this action by filing a timely charge with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").

49.     On August 18, 2004, the EEOC issued Plaintiff a notice of right to sue.

## COUNT I
### Violation of the ADEA
(Against Banknorth only)

50.     Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     Defendant Banknorth's acts represent, inter alia, intentional discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621, et seq.

## COUNT II
### Violation of M.G.L. c. 151B – Age Discrimination
(Against Banknorth only)

52.     Plaintiff repeats the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.     Defendant Banknorth's conduct represents, inter alia, intentional discrimination on the basis of age in violation of M.G.L. c. 151B, s. 4(1B).


**COUNT III**
**Violation of M.G.L. c. 151B – Age Discrimination**
(Against Defendants Beck, Hamel and Clark only)

54.     Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.     Defendants Beck, Hamel and Clark intentionally discriminated against Plaintiff on the basis of age in violation of M.G.L. c. 151B, s. 4(1B).

56.     Defendants Beck, Hamel and Clark aided and abetted Banknorth in such discrimination and unlawfully interfered with Plaintiff's rights in violation of M.G.L. c. 151B, s. 4(4A) and 4(5).


**COUNT IV**
**Discrimination Based On Sex - Violation of the Federal Equal Pay Act**
(Against Banknorth only)

57.     Plaintiff repeats the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58.     Banknorth compensated Plaintiff less than it compensated males for equal work in a position requiring equal skill, effort and responsibility and that was performed under similar working conditions.

59.     Banknorth committed a willful violation of the Federal Equal Pay Act, 29 U.S.C. 206(d).

## COUNT V
### Discrimination Based On Sex - Violation of the Massachusetts Equal Pay Act
(Against Banknorth only)

60.     Plaintiff repeats the allegations contained in paragraphs 1 through 59 as if fully set

forth herein.

61.     Banknorth paid Plaintiff less than it paid males for work of like or comparable

character in a position requiring equal skill, effort and responsibility and that was performed

under similar working conditions.

62.     Banknorth committed a willful violation of the Massachusetts Equal Pay Act, M.G.L.

c. 149, s. 105A.

## COUNT VI
### Intentional Interference With Contractual Relations
(Against Defendants Beck, Hamel and Clark only)

63.     Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if fully set

forth herein.

64.     Plaintiff had an employment contract with Banknorth with a reasonable expectation

of continued employment and advancement.

65.     Defendants Beck, Hamel and Clark knowingly induced Banknorth to jeopardize,

harm and undermine Plaintiff's employment contract.

66.     The interference of these Defendants was intentional and was improper in motive or

means.

67.     Plaintiff was harmed by the actions of Defendants Beck, Hamel and Clark.

## COUNT VII
### Civil Conspiracy
(Against Defendants Beck, Hamel and Clark only)

68.     Plaintiff repeats the allegations contained in paragraphs 1 through 67 as if fully set

forth herein.

69.     Defendants Beck, Hamel and Clark acted in concert with each other or pursuant to a

common design or agreement to wrongfully and tortiously cause harm to Plaintiff.

70.     Defendants Beck, Hamel and Clark, or one of them, committed a tortious act or acts

in furtherance of the common design or agreement.

71.     Defendants Beck, Hamel and Clark rendered substantial assistance to each other with

the knowledge that such assistance contributed to a common tortious plan.

72.     Plaintiff was harmed by the conduct of Defendants Beck, Hamel and Clark.

## COUNT VIII
### Misrepresentation
(Against Banknorth only)

73.     Plaintiff repeat the allegations contained in paragraphs 1 through 72 as if fully set

forth herein.

74.     Banknorth intentionally and knowingly misrepresented to Plaintiff that she would be

promoted to Assistant Branch Manager.

75.     Plaintiff reasonably relied on these misrepresentations to her detriment and damage.

## COUNT IX
### Promissory Estoppel
(Against Banknorth only)

76.     Plaintiff repeat the allegations contained in paragraphs 1 through 75 as if fully set

forth herein.

77.    Banknorth made representations to Plaintiff that she would be promoted to Assistant Branch Manager.

78.    Such representations were made by Banknorth to induce Plaintiff to continue working for Banknorth and to perform duties beyond those required by her actual position.

79.    Plaintiff acted in reasonable reliance upon such representations to her detriment.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff prays that this Honorable Court:

A.    Enter judgment against Defendant Banknorth on Count I for damages, liquidated damages, reasonable attorneys' fees, interest and costs.

B.    Enter judgment against Defendant Banknorth on Count II for actual damages, treble damages, reasonable attorneys' fees, interest and costs.

C    Enter judgment against Defendants Beck, Hamel and Clark on Count III for actual damages, treble damages, reasonable attorneys' fees, interest and costs.

D.    Enter judgment against Defendant Banknorth on Count IV for back pay, liquidated damages, reasonable attorneys' fees, interest and costs.

E.    Enter judgment against Defendant Banknorth on Count V for back pay, liquidated damages, reasonable attorneys' fees, interest and costs.

F.    Enter judgment against Defendants Beck, Hamel and Clark on Count VI for compensatory damages, interest and costs.

G.    Enter judgment against Defendants Beck, Hamel and Clark on Count VII for compensatory damages, interest and costs.

H.    Enter judgment against Defendant Banknorth on Count VIII for compensatory damages, interest and costs.

I        Enter judgment against Defendant Banknorth on Count IX for compensatory

damages, interest and costs.

J.       Order Defendant Banknorth to reinstate Plaintiff.

K.       Enter such other and further relief as this Honorable Court may deem just and proper.


**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.**


JANICE MARCELLA,

By her Attorney,


/s/ Richard A. Mulhearn_____
Richard A. Mulhearn
BBO #:  359680
Law Office of Richard A. Mulhearn, P.C.
41 Elm Street
Worcester, MA 01609
Telephone: (508) 753-9999

Dated:  September 13, 2005.